### CHERRY v. SHARP et al.

No. 23629. Opinion Filed July 12, 1933.

Cox & Cox and E. A. Foster, for plaintiff in error.

Erwin & Erwin, for defendants in error.

PER CURIAM. On May 10, 1932, this court entered its order granting a stay of execution in cause No. 11103, in the district court of Lincoln county, pending the application for supersedeas bond in this court and ordering that upon the filing of supersedeas bond by the plaintiff in the sum of $5,000, such stay would be effective as a permanent order.

On June 20, 1932, a motion to vacate this stay of execution and order allowing supersedeas bond was filed based upon the fact that there had been no compliance with the requirement of the order made by Chief Justice Riley. A response has been filed under date of June 24, 1932, admitting that they have been unable to comply with the order of the court, but attempting to excuse their failure to comply with the order of the court upon numerous grounds.

This court has held in Kirk v. Leeman, 163 Okla. 236, 18 P. (2d) 1088, that upon failure to comply with the order of the court requiring execution of a supersedeas bond for the purpose denominated in the order staying execution thereon, this court will vacate the order staying execution and permit execution to issue.

It is therefore the order of this court that the order heretofore made on May 10, 1932, staying execution in cause No. 11103 in the district court of Lincoln county, be, and the same is hereby, vacated and the plaintiff in that cause is permitted to issue execution thereon or seek such remedy as the law provides in the absence of a stay of execution.

### PHILPOTT v. PHILPOTT et al.

No. 22919. Opinion Filed June 13, 1933.

As Corrected July 6, 1933.

Rehearing Denied July 12, 1933.

W. W. Pryor and Hugh M. Sandlin, for plaintiff in error.

Anglin & Stevenson, for defendant in error.

PER CURIAM. This action was instituted in the district court of Hughes county, Okla., by the defendant in error, and on the 23d day of February, 1931, the court rendered judgment for the plaintiff and against the defendant below for divorce and ordered that $100 attorney fees be paid and $1,050 alimony.

Thereafter motion for alimony pending suit was filed in this court by the defendant in error, and on May 2, 1933, this court entered its order directing the plaintiff in error to pay the defendant in error $50 for expense money and $100 attorney fees within ten days from that date.

On May 16, 1933, a motion to vacate this order was filed and on May 31st thereafter the application to vacate the order was denied.

This court has held that when the plaintiff in error fails to obey the rules and orders of this court. the appeal will be dismissed.

The appeal is therefore dismissed.