# BURT v. BURT

(No. 1874; February 18, 1935; 41 Pac. (2d) 524)

For the appellant, there was a brief by *George F. Guy* and *Clarence Swainson,* of Cheyenne.

For the defendant and respondent, there was a brief by *John U. Loomis,* of Cheyenne.  The case was submitted by both sides without oral argument.

RINER, Justice.

The District Court of Laramie County, on January 6, 1934, entered an absolute decree of divorce in favor

of Irene Leslie Burt against Franklin T. Burt, awarded her the custody of their minor child Irene Burt, required that he make certain payments to the mother for the child's support, maintenance, and education, adjudged a division of the personal property of the parties, and decreed costs and attorney's fees against the husband. He has appealed from this decree, complaining that it is not sustained by sufficient evidence and that it is contrary to law.

The suit culminating in the decree aforesaid was commenced by the husband August 9, 1933, and sought a divorce on the several grounds of (1) extreme cruelty towards him by the wife, and (2) her inflicting such indignities upon him as to render his condition as her husband intolerable. The wife filed an answer denying these charges against her, and by cross-petition asked that she herself be given a divorce from the husband on the grounds mentioned above as alleged in his behalf, and averring that he, not she, was the guilty party. An amended cross-petition was filed, setting out in detail the conduct of the husband relied upon by the wife to support the general allegations of her cross-petition. The matter thus set out in the wife's amended pleading was denied by the husband's answer thereto.

It is contended by appellant that the charges of cruelty and intolerable indignities inflicted by him upon the wife were maintained only by her testimony, uncorroborated except through the statements of the ten-year-old daughter of the parties as a witness in the case, and that the child should be regarded as incompetent to testify in the matter. Hence, it is said that for these reasons the decree was erroneous.

Discussing the competency of a boy nearly five and one-half years old to testify to a homicide which occurred when he was a little less than five years old,

and who had been called as a witness on the trial for murder, and holding that the trial court committed no error in receiving his testimony, Mr. Justice Brewer, in Wheeler v. United States, 159 U. S. 523, 16 Sup. Ct. 93, 40 L. Ed. 244, said:

"While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities."

Summarizing the test of I Wigmore on Evidence, Sec. 506, the court, in Rogers v. Commonwealth, 132 Va. 771, 111 S. E. 231, used this language:

"In order to be competent as a witness, the child must have sufficient mental capacity to observe the data about which it has testified and record it in mind, and thereafter understand questions put to it and be able to give intelligent answers. There must also be a sense of moral responsibility, at least to the extent of a consciousness of a duty to speak the truth."

Concerning the same subject-matter and, also, on the authority of elaborate lists of cases indicating generally the attitude taken by reviewing courts, relative to rulings made by trial courts concerning the competency of witnesses of tender years, we find 5 Jones Commentaries on Evidence (2d Ed.) 3958-59, Sec. 2107, stating that:

"If the question of competency is raised, it is the duty of the court to examine the child and to determine the competency of such child. Which way the question shall be decided in a particular instance is left almost entirely to the sound discretion of the trial judge. The exact extent of the discretion of the trial court in this regard is a matter impossible of statement. It is apparent, however, from numerous opinions that appellate courts are most reluctant to review the action of the trial court in passing upon the competency of an infant witness. So much depends upon the appearance and conduct of the witness, matters impossible of photographing into the record, that review is difficult and justice is more likely to follow blind reliance upon the sound discretion of the trial judge than overturning his judgment by logic applied to the colorless statements in a transcript."

And 28 R. C. L. 465-6, Sec. 53, is of similar purport:

"The capacity of an infant as a witness rests primarily with the trial judge, who sees him, and notices his manner and his apparent possession or lack of intelligence. Indeed, in some cases it has even been held that the ruling of the trial court on this question cannot be reviewed in the appellate court. However, the rule is of more general prevalence that the action of the trial court is reviewable with this limitation that since the trial judge, whose duty it is to ascertain by an examination of the infant whether he shows sufficient intelligence to be a witness, is in a better position to observe the infant's conduct, and to determine whether he possesses or lacks intelligence, than the judges of an appellate court who have only the record of the case before them, the decision of the trial judge will not be disturbed unless it clearly appears from the record that he abused his discretion, or acted on a misunderstanding of the law."

See additionally, 14 Am. & Eng. Ann. Cas. 3, note.

Our statute relative to the matter, Sec. 89-1701, Wyo. Rev. St. 1931, concisely says that:

"All persons are competent witnesses, except those of unsound mind and children under ten years of age who appear incapable of receiving just impressions of

the facts and transactions respecting which they are examined, or of relating them truly."

In Barnett v. State, 104 Ohio St. 298, 135 N. E. 647, there were called, as witnesses in the case, six or eight little girls, varying in ages from six to ten years. Evidently having in mind Page's Ohio Code, Sec. 11493, which is similar in its provsions to the law of this state quoted above, the court, replying to criticism of the trial court's rulings admitting their testimony, approved the opinion of the court of appeals wherein it was said:

"Each of them was examined as to her competency before being permitted to testify, and the record of that examination fairly discloses that they were capable of receiving just impressions of the facts and transactions respecting which they were examined, and of relating them truly, and they appeared to understand the nature of an oath and the penalties for its violation. The examination of these young girls plainly indicates that they were competent witnesses. The trial judge, who saw the children and heard their testimony and passed on their competency, was in a far better position to judge of their competency than is this court, which only reads their testimony from the record, and that record certainly does not show any abuse of discretion on the part of the trial judge in holding them to be competent witnesses."

Applying these authorities to the record at bar, in the light of our statute, we think that the minor daughter of the parties showed herself fairly capable of receiving and remembering just impressions of the facts to which she testified, that she could relate them intelligently and accurately, and that she possessed a sense of moral responsibility to tell the truth. It is evident, of course, she was *prima facie* competent under our statute to testify. Under such circumstances, we do not deem it proper to interfere with the discretion of the trial judge who saw the child and listened to her on the witness stand.

It seems to be conceded that, if the daughter's testimony was properly received, there was corroboration of the charges made by the wife against her husband of extreme cruelty. That such testimony may be regarded as corroborative, see Campbell v. Campbell, 194 Ia. 828, 190 N. W. 369; Crum v. Crum, 57 Cal. App. 539, 207 Pac. 506; 19 C. J. 134, Sec. 349. Many other authorities to the same effect could readily be supplied.

It is said that there was condonation by the wife of the cruel demeanor on the part of the husband, but we think that the record establishes that if there was any such condonation of his reprehensible acts by her, his conduct shortly prior to the filing of the suit revived them for reliance thereon by her. In 19 C. J. 89, Sec. 206, it is stated to be the rule by the weight of authority that "to revive the original offense by subsequent misconduct of a different nature it is not essential that the misconduct shall be such as in itself to justify a divorce." See, also, 9 R. C. L. 385, Sec. 178.

Provocation is urged as excusing the acts of cruelty by the husband towards his wife. But the testimony on the subject was conflicting and, hence, we should not disturb the finding of the trial court thereon.

The contention is pressed that the court abused its judicial discretion in awarding the custody of the child of the parties to the mother, it being urged that the record establishes her unfitness to be given such responsibility. But, on this point, too, the testimony is in conflict when it is viewed in its entirety. It is perfectly plain, as we read the story of this matrimonial shipwreck, that both parties possess some traits which could very well be eliminated in dealing with the child. But it must be remembered that a little girl should not be deprived of a mother's care and attention without extremely strong and decisive reasons for doing so.

Such reasons do not, as we think, sufficiently appear here. The daughter evidently looks to her mother for her well being and guidance. It is most natural she should. The child's welfare is necessarily the prime consideration in guiding judicial action in establishing her guardianship. We have purposely refrained from reviewing the evidence in this opinion as it is quite voluminous and would serve no useful purpose if set forth, except perhaps to show how bitter sharp disagreements between husband and wife may become. After careful and thorough examination of all the circumstances of this case, we are unable to reach the conclusion that the action of the trial court in disposing of the child as indicated was an abuse of discretion.

Finally, from the files of this court it is apparent that the husband has failed to obey an order directing payment of an allowance of $150.00, as attorney's fees for the wife's counsel in presenting her case on this appeal. Appellant was given sixty days within which to make this payment. The amount allowed, considering the services performed, is fair. Yet, no satisfactory showing has been filed to explain why this failure occurred. Under the authority of Brown v. Brown, 22 Wyo. 316, 140 Pac. 829, the case of appellant as it now stands is subject to outright dismissal. See, also, Philpott v. Philpott, 164 Okl. 266, 23 P. (2d) 641. However, we prefer to enter an affirmance of the judgment below, and that will be done.

*Affirmed.*

KIMBALL, Ch. J., and BLUME, J., concur.