McDANIEL v. McDANIEL.

No. 32195.    Dec. 17, 1946.

175 P. 2d 341.

Reily, Reily & Spurr, of Shawnee, for plaintiff in error.

Goode & Goode, of Shawnee, for defendant in error.

ARNOLD, J., On September 15, 1944, the district court of Pottawatomie county granted a divorce to Opal McDaniel against Lemar McDaniel and in its decree ordered the defendant to pay $57.50 per month beginning October 1, 1944, for the support and education of the two minor children of the marriage, aged, respectively, 8 and 10 years.

Therefore, on January 24, 1945, Lemar McDaniel filed his motion to modify that decree insofar as it related to the custody of the two children, and on the same day filed his application for a restraining order prohibiting the plaintiff, Opal McDaniel, from removing said children beyond the jurisdic-

tion of the court. The restraining order was issued, but was later vacated after a hearing on the motion to modify. Upon the hearing of the motion to modify, the court denied the motion, and from this order Lemar McDaniel appealed.

On July 26, 1946, motion to dismiss the appeal was filed by defendant in error, Opal McDaniel, for the reason and upon the ground that since the first day of January, 1945, Lamar McDaniel has neglected and refused to comply with the order of the trial court directing the payment of the support money for the benefit of said children. This court called for a response to said motion but no response has been filed.

In Philpott v. Philpott, 164 Okla. 266, 23 P. 2d 641, we stated that where during the appeal the defendant was ordered to pay alimony to the plaintiff and such order was not complied with, this court may, in its discretion, dismiss the appeal. We are of the opinion that the rule likewise applies where this court ordered a response to a motion to dismiss on the ground that the defendant has not complied with the order of the trial court with relation to the payment of child support pendente lite.

The appeal is dismissed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur.