**Leslie Phil LARSEN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 84–40.

Supreme Court of Wyoming.

Aug. 16, 1984.

Leonard D. Munker, State Public Defender, and Sylvia Lee Hackl, Appellate Counsel, Wyo. Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellant was convicted of taking indecent liberties with a minor in violation of § 14–3–105, W.S.1977.[1] He was sentenced to a term of not less than three nor more than ten years in the Wyoming State Penitentiary and appeals from that conviction. We will affirm.

Appellant states the issue as:

"Whether the trial court erred in deeming Appellant's five-year-old son to be a competent witness and in permitting him to testify without taking the necessary oath or affirmation."

Appellant was charged with sexually abusing his minor son during March of 1982 while the family was living in Mountain View, Wyoming. Appellant's son was three and a half years old at the time of the incident and five at the time of the trial. The judge and attorneys for both the State and the defense questioned the victim before the court declared him to be a competent witness. He was then permitted to testify without taking an oath or affirmation.

Appellant did not object at the time to either the ruling on competency or the failure to administer an oath. Therefore, we must look at this issue from the standpoint of "plain error." The plain-error doctrine contains a three-part test:

"' * * * First, the record must be clear as to the incident which is alleged as error. Second, the party claiming that the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced. * * * '"

*Auclair v. State*, Wyo., 660 P.2d 1156, 1159 (1983), cert. denied —— U.S. ——, 104 S.Ct. 265, 78 L.Ed.2d 249 (quoting *Bradley v. State*, Wyo., 635 P.2d 1161, 1164 (1981)). See *Browder v. State*, Wyo., 639 P.2d 889 (1982).

Here the incident alleged as error is the ruling on competency and the failure to administer an oath, and the record as to that incident is clear. The incident, how-

---

1. Section 14–3–105, W.S.1977, provides:
"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

ever, did not result in a violation of a clear and unequivocal rule of law in an obvious way; and appellant, therefore, cannot succeed under the "plain error" doctrine.

Rule 601, W.R.E., states:

"Every person is competent to be a witness except as otherwise provided in these rules."

Even before the adoption of this rule, we held that it is the duty of the court to examine a child to determine competency and that this question is left almost entirely to the sound discretion of the trial judge. *Burt v. Burt*, 48 Wyo. 19, 41 P.2d 524 (1935). The United States Supreme Court held in *Wheeler v. United States*, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895):

"That the boy was not by reason of his youth, as a matter law, absolutely disqualified as a witness is clear. While no one would think of calling as a witness an infant only two or three years old, there is no precise age which determines the question of competency. This depends upon the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence, as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review, unless from that which is preserved it is clear that it was erroneous." 16 S.Ct. at 93.

▮ Intelligence, not age, is the proper criteria. 81 Am.Jur.2d Witnesses § 88. The general principle is that a person is competent if he has a sufficient understanding to receive, remember, and narrate impressions and is sensible to the obligations of the oath. 81 Am.Jur.2d Witnesses § 69. Rule 601, W.R.E., is consistent with the modern philosophy that few persons are inherently incapable of testifying in some manner which is potentially useful. 3 Louisell and Mueller, Federal Evidence § 250 (1979).

We stated in *Burt v. Burt*, supra:

" 'In order to be competent as a witness, the child must have sufficient mental capacity to observe the data about which it has testified and record it in mind, and thereafter understand questions put to it and be able to give intelligent answers. There must also be a sense of moral responsibility, at least to the extent of a consciousness of a duty to speak the truth.' " 41 P.2d at 525 (quoting *Rogers v. Commonwealth*, 132 Va. 771, 111 S.E. 231 (1922)).

In determining the competency of a child witness, other jurisdictions have required a capacity to observe, recollect, communicate and appreciate the moral responsibility to be truthful, *Commonwealth v. Mangello*, 250 Pa.Super. 202, 378 A.2d 897 (1977), to observe and remember the event by individual recollection and verbally describe it. *State v. Kennell*, Mo.App., 605 S.W.2d 819 (1980). The test of the competency of a young child as a witness has been held to be:

"(1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it." *State v. Allen*, 70 Wash.2d 690, 424 P.2d 1021 (1967), followed by *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968).

We realize that basing a conviction upon the testimony of a young child presents a serious problem.

"Two alternative hazards are confronted. On the one hand, in accepting the testimony of a child there is the danger that she may not be telling the truth, in which event an innocent man may be convicted

of crime and suffer the consequences thereof. On the other, if the child's testimony is not accepted, a man guilty of crime, and possibly with the potential for more such, will go free. In this connection, it must be borne in mind that when such an offense [assaulting and taking indecent liberties upon a child] is committed, it is done with the greatest possible stealth and secrecy, so that most often the testimony of the victim, coupled with the type of corroboration we have here, is the only evidence available upon which to determine guilt or innocence. The fact that there are difficulties involved should not prevent the processes of justice from functioning." *State v. Smith,* 16 Utah 2d 374, 401 P.2d 445, 447 (1965).

■ The age of the victim witness in this case does not mandate a finding of incompetency. Numerous other jurisdictions have allowed very young children to testify. *State v. Tuffree,* 35 Wash.App. 243, 666 P.2d 912 (1983) (a four-and-a-half-year-old victim); *State v. Thrasher,* 233 Kan. 1016, 666 P.2d 722 (1983) (a four-year-old eye witness); *State v. Romel,* 57 Or.App. 372, 644 P.2d 643 (1982) (five-year-old witness); *Sevier v. State,* Alaska, 614 P.2d 791 (1980) (the witness was five at the time of the incident and six at trial); *Buttram v. State,* 269 Ind. 598, 382 N.E.2d 166 (1978) (victim was five); *Capps v. Commonwealth,* Ky., 560 S.W.2d 559 (1977) (victim was five and a half); *State v. Ridley,* 61 Wash.2d 457, 378 P.2d 700 (1963) (victim was five years and four months at the time of trial; the incident occurred nine to fifteen months earlier).

Alabama, in *Miller v. State,* Ala.Crim. App., 391 So.2d 1102 (1980), allowed the four-year-old victim to testify by stating: " 'The exclusion of a witness having good sense, however tender the age, is disfavored because it would often close the door to prove crimes against children themselves.' " 391 So.2d at 1106 (quoting *Jackson v. State,* 239 Ala. 38, 193 So. 417 (1940)).

■ In this case the victim was examined by the trial judge. He was asked questions about his knowledge, his memory, and his awareness of telling the truth. He was also questioned by the attorneys for the defense and the State prior to testifying. The record demonstrates that although the victim was very young, he was bright, aware, and intelligent. He knew how old he was, when his birthday was, the ABC's, the location of his preschool, the name of his teacher, where he lived at the time of trial, the name of his brother, how old his brother was, and how to spell his name and count to sixty. Appellant's counsel did not object to his competency as a witness. We cannot find an abuse of discretion in allowing this child to testify nor do we find a plain and unequivocal violation of a rule of law.

■ Appellee contends that it was error to allow the victim to testify without taking an oath or affirmation. Rule 603, W.R.E., states:

"Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so."

This rule is satisfied by an oath or an affirmation which is given in any manner designed to impress the witness that he must tell the truth. Comment, Article VI of the Wyoming Rules of Evidence: Witnesses, 13 Land & Water L.Rev. 909 (1978). In *State v. Johnson,* 28 Wash.App. 459, 624 P.2d 213 (1981), a five-year-old victim of statutory rape and indecent liberties was not administered a formal oath. The court held that where "[t]he witness was adequately apprised of the importance of telling the truth," the lack of oath was not reversible error. And an inability to understand the nature and obligation of an oath does not render a child incapable of testifying where she stated that she knew what had happened and was telling the truth. *State v. Ross,* supra.

"In relation to the child's comprehension of the truth and falsehood concepts, a young child's testimonial competency may be said to be sufficient, if the child

appears to have capacity to understand, in some measure, the obligation of an oath or, in *practical conception,* the capacity to realize that it is wrong to falsify and that if he does tell an untruth he is likely to be punished." (Emphasis added.) *State v. Samson,* Me., 388 A.2d 60, 64 (1978).

The record here indicates that, before testifying, the victim was questioned concerning his understanding of "truth" and his perceptions of the punishment incurred for lying. After testifying, he was asked whether he had promised to tell the truth and if he had told the truth. Perhaps, technically, the victim's promise to tell the truth should have occurred before he testified. His affirmation, however, before testifying that he understood what it meant to tell the truth and that lying might be cause for punishment, may have satisfied the requirements of Rule 603, supra, since the *formal* swearing of a witness before testifying is unnecessary.

 There is a second reason that the failure to swear the witness before testifying was not error. It is generally held that the failure to require an oath or affirmation before testifying must be raised by objection or it is considered waived. *United States v. Perez,* 651 F.2d 268 (5th Cir. 1981).

"Appellant's objection to the action of the court in permitting the witness to testify without being sworn is raised for the first time on this appeal. Moreover, it is neither contended on this appeal, nor does the record suggest, that the fact was not known to appellant early enough so that he could have made timely objection. Under the circumstances, it comes too late. As was said by the Supreme Court of Nebraska: ' * * * we are of the opinion that the irregular administration of the oath to a witness, or the taking of testimony without an oath at all, must, if known to the adverse party, be objected to at the time. He may not, with knowledge of the irregularity, permit the trial to proceed, and raise the question after verdict.' This is the uniform rule."

(Footnotes omitted.) *Beausoliel v. United States,* 71 App.D.C. 111, 107 F.2d 292, 294 (D.C.Cir.1939).

 Appellant's counsel had an opportunity to object to the victim testifying without an oath. He did not do so. If he had objected, the technical requirements could have been easily satisfied; therefore, the right to have sworn testimony was waived.

 Here, the child responded to questions in a coherent and articulate manner. He described the incident in a vocabulary consistent with his age. There was no evidence of coaching or of a make-believe story. We find, therefore, that the child was apprised of the importance of testifying truthfully, that his mind was impressed with a duty to do so, that the judge properly allowed the child to testify, and that the testimony was not rendered void by lack of a formal oath. Particularly is this so when appellant's counsel did not object prior to the testimony being given. The judgment, therefore, is

Affirmed.