**Donald TRUJILLO, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 93–248.**

Supreme Court of Wyoming.

Aug. 25, 1994.

III. Was plain error committed by the introduction of improper rebuttal testimony?

IV. Was Appellant's right to due process violated when the county court quashed a subpoena requiring the complaining witness to testify at the preliminary hearing, and did the absence of this witness invalidate the preliminary hearing and the bindover determination so as to deprive the District Court of jurisdiction?

V. Was plain error committed by allowing a psychologist to testify concerning statements allegedly made to him by the Appellant?

The state rephrases the issues as:

I. Was there sufficient evidence to convict appellant on Count I?

II. Was the child victim competent to testify at trial?

III. Was the rebuttal testimony of the three state witnesses proper or did their testimony constitute plain error?

IV. Did the county court properly quash the subpoena requiring the child victim to testify at the preliminary hearing?

V. Did appellant waive his psychologist-client privilege by his introduction at trial of the written statement that he provided to Dr. Heineke during the course of his treatment?

State Public Defender Program, Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, Dave Gosar, Asst. Public Defender, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Georgia L. Tibbetts, Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY ** and TAYLOR, JJ.

GOLDEN, Justice.

Appellant, Donald Trujillo, appeals from the judgment and sentence of the district court convicting him of third degree sexual assault. Appellant asserts plain error on grounds of sufficiency of the evidence, the admission of incompetent testimony of a child-witness, the admission of improper rebuttal testimony, including the admission of prior bad acts evidence, and the admission of appellant's statements to a psychologist. Appellant also challenges the district court's jurisdiction, alleging his bind over from county court was void after the county court denied him the opportunity to question the complaining witness at the preliminary hearing.

We affirm.

## ISSUES

Appellant presents the following issues for our review:

I. Did the State fail to present sufficient evidence to establish that Appellant committed third degree sexual assault in violation of Wyoming Statute § 6-2-304?

II. Was plain error committed by permitting an incompetent child-witness (T.J.) to testify at trial?

## FACTS

On November 2, 1992, a felony information was filed charging appellant with two counts of third degree sexual assault and two counts of second degree sexual assault. The charges were based upon events alleged to have occurred during the month of June, 1991, in Gillette, Wyoming. The information alleged that on or about June 15, 1991, appellant committed two counts of third degree sexual assault by fondling his then ten year old grandson's penis. The information further alleged that on or about June 22, 1991, appellant committed two counts of second degree sexual assault by performing fellatio on his grandson and requiring his grandson to perform fellatio on him.

* Retired July 6, 1994.

** Chief Justice at time of oral argument.

A preliminary hearing was held on December 21, 1992. On December 14, 1992, appellant obtained a subpoena requiring the complaining witness to appear at the preliminary hearing. However, on the day of the preliminary hearing, the county court granted the state's motion to quash the subpoena, concluding the defendant's only purpose in questioning the victim was to test his credibility and conduct discovery, a purpose beyond the scope of the preliminary hearing.

Appellant was bound over, and his trial began July 21, 1993. Twelve witnesses testified, including the victim, appellant, appellant's counselor, and appellant's stepdaughter, who testified appellant had sexually assaulted her twenty-five years earlier when she was ten years old. We will set forth in more detail the relevant testimony of the witnesses when we address the alleged errors stemming from their testimony.

On July 23, 1993, the jury returned a verdict finding appellant guilty of one count of third degree sexual assault and not guilty on the remaining three counts. The district court sentenced appellant to a prison term of not less than eighteen months and not more than forty-eight months. Appellant's sentence was suspended, and he was placed on five years supervised probation. This appeal followed.

## DISCUSSION

1. *Sufficiency of the Evidence*

 Appellant argues the state failed to present sufficient evidence to sustain his conviction for third degree sexual assault. He contends the state was unable to prove beyond a reasonable doubt that the alleged acts constituting third degree sexual assault occurred on or about June 15, 1991. Appellant also cites inconsistencies in the victim's testimony concerning the alleged acts to support his sufficiency of the evidence claim.

This court's standard of review for a sufficiency of the evidence claim is well established. We must determine whether any rational trier of fact could have found present, beyond a reasonable doubt, the essential elements of the crime. *Porth v. State*, 868 P.2d 236, 243 (Wyo.1994). In making that determination, we review the evidence, and any inferences to be drawn therefrom, in the light most favorable to the state. *Porth*, 868 P.2d at 243. It is not this court's role to reweigh the evidence or reexamine the credibility of the witnesses. *Pisano v. State*, 828 P.2d 666, 669 (Wyo.1992).

 Appellee properly points out that appellant failed to preserve his sufficiency of the evidence objection when he did not renew his motion for a directed verdict either after the close of evidence or after the jury returned its verdict. *See Farbotnik v. State*, 850 P.2d 594, 603–04 (Wyo.1993). We must therefore review appellant's sufficiency of the evidence claim under a plain error analysis. This court will find plain error when the record clearly shows the incidents alleged as plain error, and appellant has demonstrated the violation of a clear and unequivocal rule of law, that a substantial right has been denied and that appellant has been materially prejudiced. *Lobatos v. State*, 875 P.2d 716, 721 (Wyo.1994).

Upon review of the record, we find that a rational trier of fact could have concluded, beyond a reasonable doubt, that the crime occurred on or about June 15, 1991. While the victim's testimony contained inconsistencies, he did provide some testimony that the acts constituting third degree sexual assault occurred on or about June 15, 1991. This testimony was corroborated by the investigating officer who testified that the victim reported that the alleged acts occurred on or about June 15, 1991 and by the victim's father who testified that the victim spent several weekends with appellant during the summer of 1991.

Evidence therefore existed from which a jury could rationally find the acts constituting third degree sexual assault occurred on or about June 15, 1991. Inconsistencies in the victim's testimony at trial and discrepancies between his trial testimony and his prior statements to investigators pertained to the victim's credibility and the weight of the evidence. As we noted earlier, it is not this court's role to reweigh the evidence or reexamine the credibility of the witnesses, and we

therefore defer to those jury determinations and find no plain error.

### 2. *Competency of the Child–Witness to Testify*

 Appellant contends the trial court abused its discretion and committed plain error when it admitted the testimony of the victim who was twelve years old at the time of trial. Because appellant raised no objection at trial to the victim's testimony, we employ the plain error analysis set forth above.

This court has articulated the following five part test to determine the competency of a child-witness to testify:

> (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

*Larsen v. State,* 686 P.2d 583, 585 (Wyo.1984) (citing *State v. Allen,* 70 Wash.2d 690, 424 P.2d 1021 (1967)). The determination of a child's competency to testify is committed to the trial court's discretion and that determination will not be disturbed unless shown to be clearly erroneous. *In Interest of CB,* 749 P.2d 267, 269 (Wyo.1988).

Appellant contends the first and the third requirements of the *Larsen* test were not satisfied and cites to the following testimony to support his contention that the victim did not understand the difference between the truth and a lie:

> Q: T.J., do you know what it means to tell the truth and what a lie is?
>
> A: Yes.
>
> Q: Can you give me an example of something that would be considered a lie?
>
> \* \* \* \* \* \*
>
> A: I gave back 20 cents of a dollar.
>
> \* \* \* \* \* \*
>
> Q: And why would that be a lie?

> A: I might have only given 50 cents back.

While we agree that the above exchange makes little sense, we do not find it to be so clear an illustration of the victim's inability to understand the difference between the truth and a lie as to demonstrate a clear and unequivocal abuse of the trial court's discretion in permitting the victim to testify. Additionally, we find evidence of the victim's understanding of the difference between a lie and the truth in the victim's affirmative responses to questions whether he had ever told a lie, and whether he understood the requirement that he tell the truth while testifying.

 Appellant also challenges the victim's independent recollection of the alleged acts, referring to inconsistencies in the victim's testimony concerning whether the appellant's pants were on or off during each of the occurrences, the reasons each of the episodes came to a conclusion, and whether the victim could read the watch worn by appellant during the acts. Reviewing the victim's testimony as a whole, we cannot conclude that these minor inconsistencies in his testimony reveal he lacked an independent recollection of the alleged acts. The trial court did not commit plain error in admitting the child-victim's testimony.

### 3. *Rebuttal Testimony*

 Appellant contends the trial court committed plain error when it permitted the state to introduce testimony of three witnesses, allegedly in violation of WYOMING RULES OF EVIDENCE 404(b) and 403. We begin with appellant's contention that the trial court admitted rebuttal testimony in violation of Rule 404(b).

On rebuttal, the state called as a witness Linda Deluna, appellant's step-daughter. Ms. Deluna testified that appellant had sexually abused her twenty-five years earlier, when she was ten years old. Appellant contends that admission of this testimony violated Rule 404(b). The state responds, and we agree, that the rebuttal testimony was admit-

ted under Rule 404(a)(1), not Rule 404(b).[1] The question we are presented with, then, is whether the trial court committed plain error in admitting the testimony under Rule 404(a)(1).

A trial court's evidentiary rulings will not be disturbed on appeal absent a clear abuse of discretion. *Wilson v. State*, 874 P.2d 215, 218 (Wyo.1994). WYo.R.EVID. 404(a)(1) provides:

> (a) Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> > (1) Character of Accused.—Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same[.]

This court has held that, under Rule 404(a)(1), once the defendant introduces evidence of his character, the prosecution may then explore, both through cross-examination and on rebuttal, the matter raised by the accused. *Kwallek v. State*, 596 P.2d 1372, 1378 (Wyo.1979); *Grabill v. State*, 621 P.2d 802, 808 (Wyo.1980); *Summers v. State*, 725 P.2d 1033, 1046 (Wyo.1986).

On direct examination, appellant testified:

Q: Mr. Trujillo, your step-grandson has said and testified in this courtroom that you did some real ugly and disgusting things to him. * * * Don, have you done these things?

A: No. I have never done it. I have raised three of my own children. *I've never done it to either one of them.* Where he's come up with this, I don't know. To me that would be a homosexual act, even if it does involve a child, and a homosexual to me is the most disgusting thing that you can do. It would make me, I think, sicker than I've ever been with cancer. It would make me sicker to even think of going to bed with another man, *so even just a child, completely repulsive.* (emphasis added).

On cross-examination, appellant reiterated and clarified his denial of any improper conduct with his children:

Q: Now, Mr. Trujillo, you also said earlier that you've raised three children of your own and there haven't been any problems. Do you recall that?

A: Correct.

* * * * * *

Q: And is it also your testimony you've never performed an improper sexual assault with any of your own children?

A: That's correct.

Q: Who are your own children? Who are your children?

* * * * * *

A: I have Debra and Donna, Tom, Linda, Donnie and Tony.

Appellant raised the issue of his character when he testified on direct examination that he never improperly touched any of his children and could never do such a thing because he found it repulsive. The trial court did not abuse its discretion in allowing the state to respond to appellant's assertions, and we therefore find no plain error.

We turn next to appellant's contention the trial court committed plain error when it permitted the state to call as rebuttal witnesses the victim's father and the investigating officer. Appellant argues their testimony was cumulative, exceeded the purposes of proper rebuttal, was unfairly prejudicial and deprived appellant of a fair trial.

Because appellant has failed to demonstrate that the testimony of the victim's father and the investigating officer materially prejudiced him, we need not address whether that testimony exceeded the purpose of rebuttal. Under a plain error analysis, as outlined earlier, appellant must demonstrate

---

1. After the defense rested, a bench conference was held at which counsel for the state announced his intention to call Linda Deluna as a rebuttal witness. He explained:

 Your Honor, based upon Mr. Trujillo's testimony I think the issue and the door has been opened in regard to the use of Linda Deluna and prior improper sexual contact with her. And so it's my intention of calling her as one of the rebuttal witnesses[.]

 Appellant did not object to the introduction of Linda Deluna's testimony.

material prejudice, and having failed to do so, we can find no plain error.

#### 4. Psychologist's Testimony

■ Appellant contends, again under a plain error analysis, that the trial court erred in permitting appellant's counselor, William Heineke, to testify concerning appellant's admissions to him. Appellant argues these statements were privileged under WYO.STAT. § 33–27–103 and their admission materially prejudiced him.

We find no error in the admission of appellant's statements to his counselor. WYO. STAT. § 33–27–103, no longer in effect, prohibited a licensed psychologist from revealing, *without his client's consent,* any communication made by the client to him. During his initial consultation at the Wyoming Regional Counseling Center, appellant signed a release form authorizing disclosure of his communications. Appellant later revoked the release, but it was while the release was in effect that appellant's admissions were disclosed to the investigating officer. William Heineke's testimony consisted of only those communications previously disclosed with appellant's consent, and we therefore find no plain error.

#### 5. Preliminary Hearing

■ Appellant asserts that the county court's denial of his opportunity to question the victim at the preliminary hearing created two grounds for reversal: a due process violation and a defective bind-over. We address first appellant's contention that the county court violated his due process rights when it quashed appellant's subpoena requiring the complaining witness to testify at the preliminary hearing. Appellant asserts that recent decisions of this court have expanded the preliminary hearing's purpose to include discovery, and the county court's action denied appellant his due process right to this preparatory stage of the trial proceeding.

■ This court has held on numerous occasions that the purpose of a preliminary hearing is to obtain a neutral, detached fact-finder's determination that there is probable cause to believe that a crime has been committed and that the defendant committed it. *Hennigan v. State,* 746 P.2d 360, 370 (Wyo. 1987); *State v. Carter,* 714 P.2d 1217, 1219 (Wyo.1986); *Garcia v. State,* 667 P.2d 1148, 1154 (Wyo.1983); *Wilson v. State,* 655 P.2d 1246, 1251 (Wyo.1982); *Haight v. State,* 654 P.2d 1232, 1235 (Wyo.1982). While the preliminary hearing may provide some opportunity for discovery, we have held that constitutional due process does not mandate that opportunity. *Hennigan,* 746 P.2d at 370. This court has agreed that

> [a]lthough the preliminary hearing * * * may be a practical tool for discovery by the accused, the only legal justification for its existence is to protect innocent persons from languishing in jail on totally baseless accusations.

*Haight,* 654 P.2d at 1235 (quoting *United States v. Mulligan,* 520 F.2d 1327, 1330 (6th Cir.1975), *cert. denied,* 424 U.S. 919, 96 S.Ct. 1123, 47 L.Ed.2d 325 (1976)).

Appellant contends that this court's decisions in *Cardenas v. State,* 811 P.2d 989 (Wyo.1991) and *Walker v. State,* 847 P.2d 542 (Wyo.1993) have expanded the preliminary hearing's purpose to include discovery. We find no such expansion of the preliminary hearing's purpose by either decision.

In *Cardenas,* we held that the defendant's right to confront witnesses against him had not been violated by admission of an unavailable victim-declarant's preliminary hearing testimony. *Cardenas,* 811 P.2d at 993. We reached that conclusion after determining that the motive to cross-examine the victim during the preliminary hearing was similar to the motive to cross-examine the victim at trial. *Cardenas,* 811 P.2d at 992–93. Nowhere in that opinion did this court expand a preliminary hearing's purpose to include discovery, and we can discern no possible way to glean such an interpretation from our conclusion that the motives of cross-examination were similar.

In *Walker,* this court (per three justices) reversed a defendant's conviction because the state withheld the victims' names from the defendant. *Walker,* 847 P.2d at 545. Appellant cites to language in *Walker* declaring the information filed against the defendant fatally defective from the time of filing because of

its failure to name the victims. Appellant contends the only purpose to be served by this absolute requirement that the information precisely identify the victims, even though the names were revealed several months prior to trial, is to enable the defendant to subpoena the complaining witness for questioning at the preliminary hearing. We disagree with appellant's interpretation of *Walker.*

In *Walker,* the state never informed the defendant which victim alleged which criminal conduct, and, thus, the victims were not identified with specificity before trial. *Walker,* 847 P.2d at 544. The majority's concern was prejudice to the defendant at trial, not the defendant's ability or inability to call witnesses at the preliminary hearing. *Walker,* 847 P.2d at 544.

Additionally, a majority of this court in *Walker* did not adopt the rule that an information will be void if it fails to name the victim. Two of the justices concluded the trial court lacked jurisdiction because the information failed to name the victims and was thus fatally defective. However, the third justice specially concurred in the reversal only and explained that he would have invoked this court's supervisory powers and reversed without reaching the question of an error of law. *Walker,* 847 P.2d at 545, 546; *Lowseth v. State,* 875 P.2d 725, 728 (Wyo. 1994).

Finally, this court has twice restricted application of the *Walker* holding. In *McDermott v. State,* 870 P.2d 339, 348 (Wyo.1994) we found no reversible error in the information's failure to name the victim since the defendant had actual knowledge of the victim's identity and was therefore not prejudiced in his defense or trial preparation. We further limited application of *Walker* in *Lowseth* where we held sufficient an information which referred to the victims generally as "officers of the Sweetwater County Sheriff's Office." *Lowseth,* 875 P.2d at 728. We concluded the information did not prejudice the defendant because it informed him that the alleged victim was a police officer and, before trial, the state clarified which officer. *Lowseth,* 875 P.2d at 728. The concern clearly was prejudice to the defendant's ability to

defend against the charges at trial, not his ability to subpoena and question witnesses at the preliminary hearing.

Upon review of *Cardenas* and *Walker,* we find no expansion of the purpose to be fulfilled by the preliminary hearing. We therefore adhere to our previously established position that the purpose of the preliminary hearing is to determine whether probable cause exists, not to provide an opportunity for discovery.

We turn then to appellant's contention that the county court's action in quashing appellant's subpoena of the complaining witness violated W.R.Cr.P. 5.1(b) which permits a defendant to cross-examine adverse witnesses and introduce evidence. Appellant asserts this rendered the preliminary hearing and subsequent bind-over void and deprived the district court of its jurisdiction to hear the matter.

We adopt the rule set forth in *Blue v. United States,* 342 F.2d 894, 900–01 (D.C.Cir. 1965), that the time to object to defects in the preliminary hearing is before arraignment and trial, and "unless some reason is shown why counsel could not have discovered and challenged the defect before trial, it will generally be assumed that any objections to the preliminary proceedings were considered and waived, and no post-conviction remedies will be available." *See also People v. Alexander,* 663 P.2d 1024, 1025 n. 2 (Colo.1983); *People v. Horrocks,* 190 Colo. 501, 549 P.2d 400, 402 (1976); *State v. Lass,* 228 N.W.2d 758, 763 (Iowa 1975).

The justification for denying post-conviction relief to remedy defects in the preliminary hearing has been explained as follows:

[A] main purpose of a preliminary hearing, as we have noted, is to afford the accused a chance to secure his immediate release by persuading the Commissioner that there is no probable cause to hold him on the charges in question. Where, as here, the accused has been found guilty of those charges in a full-scale trial that we have otherwise found to be free of error, the chances that he could persuade a magistrate that no probable cause exists for his continued detention are perhaps not un-

generously to be characterized as speculative.

*Blue*, 342 F.2d at 901. Because we find appellant waived his objection to any defects in the preliminary hearing when he permitted the arraignment and trial to proceed without objection, we need not reach the question whether the county court erred in quashing the subpoena.

## CONCLUSION

The decision of the district court is affirmed.