No. 90-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

      Plaintiff and Respondent,

-v-

ROBERT E. HOWARD,

      Defendant and Appellant.

FILED

MAR -4 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      J. Douglas Alexander, Sidney, Montana

      For Respondent:

      Marc Racicot, Attorney General; Joe Thaggard, Asst.
Atty. General; Helena, Montana
Mike Weber, Richland County Attorney; Phillip N.
Carter, Deputy County Attorney; Sidney, Montana

Submitted on Briefs:  January 17, 1991

Decided:  March 4, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

In the District Court for the Seventh Judicial District, Richland County, defendant Robert Howard, was convicted of two counts of felony sexual assault pursuant to § 45-5-502(3), MCA. Defendant appeals. We affirm.

The sole issue for our consideration is: Did the District Court err in finding the two child witnesses competent to testify under Rule 601, M.R.Evid.?

Mrs. M's twin five-year-old daughters, C.B. and K.B., lived with Mrs. M and her husband. Occasionally, the M's had defendant's wife, Teresa, babysit the twins.

In May 1989, C.B. and K.B. told Mr. M that defendant had "licked their butts" and showed them his "big thing". Mr. M informed David Schettine, a Police Detective, about what the girls had said. Mr. Schettine then interviewed each girl separately. Both girls said that defendant "licked their butt" in the presence of the other twin. They both indicated by pointing that what they really meant by "butt" were their vaginas. The girls testified that the assaults took place at Teresa's home while she was babysitting. Each girl testified that Teresa was not at home when the assaults took place.

Did the District Court err in finding the two child witnesses competent to testify under Rule 601, M.R.Evid.?

Defendant maintains the District Court erred in allowing the testimony of C.B. and K.B. because the girls were not competent to

2

testify. He contends that the girls were "incapable" of telling the truth and are therefore incompetent under Rule 601(b), M.R.Evid.

The State maintains that both girls were proven to be competent prior to testifying. The State points out that after the voir dire of C.B., and upon the State's motion, the court found C.B. competent to testify. Defendant failed to object to C.B.'s competence or to voir dire her at this point. C.B. then testified. Only after the State's redirect examination of C.B. did defendant move the court to reconsider C.B.'s competency to testify. The court denied that motion.

Similarly, before K.B. was declared a competent witness, the court invited the defense to voir dire K.B. The defense responded with, "I think I'd prefer to just cross-examine once." The court then found K.B. competent to testify. After the re-direct examination of K.B., the defense moved the court to reconsider its finding of K.B.'s competence. The motion was denied.

The State further contends that both girls were "capable" of testifying under Rule 601(b), M.R.Evid. It urges that in determining whether the District Court abused its discretion it must be determined that K.B. and C.B. possessed sufficient capacity of expression and appreciation of the duty to tell the truth to qualify them as competent witnesses. The State contends both girls were able to vividly recall the assault and relate significant details of what happened.

Rule 601(b) provides:

> Disqualification of witnesses. A person is disqualified to be a witness if the court finds that (1) the witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him or (2) the witness is incapable of understanding the duty of a witness to tell the truth.

During the settling of instructions, the District Court addressed the pending motions by the defense to reconsider the qualifications of the two girls as to their competency. The court stated:

> The Court has reviewed a number of Supreme Court cases, State vs. Rogers, State vs. DBS, State vs. Phelps, State vs. Elier, and others.
>
> The Court has also reviewed the testimony and notes that the criteria is set forth in Rule 601 of the Montana Rules of Evidence. And for disqualification of a witness, the person must be -- the witness must be incapable of expressing herself concerning the matter so as to be understood by the judge and jury, directly or through interpretation by one who can understand him. I found both girls were capable of expressing themselves.
>
> And the second, a witness is incapable of understanding the duty of the witness to tell the truth. And the State did lay a foundation as to both girls showing that they knew it to be wrong to lie.
>
> The cross-examination brought out certain inconsistencies of each witness. Based upon my reading of the Supreme Court cases and my understanding of the Rules of Evidence, those inconsistencies are for the jury to take into consideration in determining the credibility of each witness.
>
> Therefore, the motion for reconsideration is denied.

A determination of competency is within the sound discretion of the District Court. State v. Newman (1990), 242 Mont. 315, 790 P.2d 971. Defendant has failed to demonstrate the District Court has abused that discretion.

We hold that the District Court correctly found the two child

witnesses competent to testify under Rule 601, M.R.Evid.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5