2003 WY 120

**Randy MORGANFLASH, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 02–103.

Supreme Court of Wyoming.

Sept. 24, 2003.

Representing Appellant: Donna D. Domonkos, Appellate Counsel, Public Defender's Program and *Mary B. Guthrie, Cheyenne, Wyoming.

Representing Appellee: Hoke MacMillan, Wyoming Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Paul S. Rehurek, Deputy Attorney General.

---

* Order allowing counsel to withdraw entered on   March 4, 2003.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, Randy Morganflash (Morganflash), was convicted of one count of second-degree sexual assault,[1] one count of third degree sexual assault,[2] and one count of indecent liberties with a minor.[3] He contends that the district court erred in determining that the five-year-old female victim (NR) was competent to testify, that the dis-

---

1. Wyo Stat. Ann. § 6–2–303 (LexisNexis 2003) (emphasis added) provides:

    **§ 6–2–303. Sexual assault in the second degree.**

    (a) **Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:**

    (i) The actor causes submission of the victim by threatening to retaliate in the future against the victim or the victim's spouse, parents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat. "To retaliate" includes threats of kidnapping, death, serious bodily injury or extreme physical pain;

    (ii) The actor causes submission of the victim by any means that would prevent resistance by a victim of ordinary resolution;

    (iii) The actor administers, or knows that someone else administered to the victim, without the prior knowledge or consent of the victim, any substance which substantially impairs the victim's power to appraise or control his conduct;

    (iv) The actor knows or should reasonably know that the victim submits erroneously believing the actor to be the victim's spouse;

    (v) **At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim;**

    (vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit; or

    (vii) The actor inflicts sexual intrusion in treatment or examination of a victim for purposes or in a manner substantially inconsistent with reasonable medical practices.

    (b) A person is guilty of sexual assault in the second degree if he subjects another person to sexual contact and causes serious bodily injury to the victim under any of the circumstances listed in W.S. 6–2–302(a)(i) through (iv) or paragraphs (a)(i) through (vi) of this section.

2. Wyo. Stat. Ann. § 6–2–304 (LexisNexis) (emphasis added) provides:

    **§ 6–2–304. Sexual assault in the third degree.**

    (a) **An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:**

    (i) The actor is at least four (4) years older than the victim and inflicts sexual intrusion on a victim under the age of sixteen (16) years; or

    (ii) **The actor is an adult and subjects a victim under the age of fourteen (14) years to** sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim;

    (iii) The actor subjects a victim to sexual contact under any of the circumstances of W.S. 6–2–302(a)(i) through (iv) or 6–2–303(a)(i) through (vi) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.

3. Wyo. Stat. Ann. § 14–3–105 (LexisNexis 2003) provides:

    **§ 14–3–105. Immoral or indecent acts; penalty.**

    (a) Except under circumstance constituting sexual assault in the first, second or third degree as defined by W.S. 6–2–302 through 6–2–304, any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony. Except as provided by subsection (b) of this section, a person convicted under this section shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.

    (b) An actor convicted under subsection (a) of this section shall be punished by life imprisonment without parole if:

    (i) The circumstances of the crime involve a victim who was under the age of sixteen (16) at the time of the offense and an actor who was at least four (4) years older than the victim; and

    (ii) The actor has two (2) or more previous convictions for any of the following designated offenses, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere:

    (A) A conviction under W.S. 6–2–302 through 6–2–304 or a criminal statute containing the same or similar elements as a crime defined by W.S. 6–2–302 through 6–2–304;

    (B) Repealed by Laws 1997, ch. 135, § 2, eff. July 1, 1997.

    (C) A conviction under W.S. 14–3–105(a), or a criminal statute containing the same or similar elements as the crime defined by W.S. 14–3–105(a), if the circumstances of the crime involved a victim who was under the age of sixteen (16) at the time of the offense and an actor who was at least four (4) years older than the victim.

    (c) As used in this section, "child" means a person under the age of eighteen (18) years.

trict court erred in denying his motion for a new trial, and that the district court erred in denying him a formal "taint" hearing with respect to NR's testimony. We will affirm.

## ISSUES

[¶ 2] Morganflash raises these issues for our resolution:

I. Whether the trial court erred when it concluded that NR was competent to testify.

II. Whether the trial court erred when it denied [Morganflash's] motion for a new trial.

III. Whether the trial court erred by not conducting a formal "taint" hearing.

The State describes these issues:

I. Did the district court correctly rule that NR was competent to testify, and was it proper to deny [Morganflash's] motion for a new trial based on that ground?

II. Did the district court properly deny [Morganflash's] motion for a separate "taint" hearing regarding NR?

## FACTS

[¶ 3] The victims in this case are NR and her three-year-old brother (TR). The mother of the victims met Morganflash in late January or early February of 2001. After knowing him for about a week, she asked him to move in with her family. Mother was aware that Morganflash was unemployed and had only recently been released from prison where he had served time for a sex offense. Mother worked two jobs that encompassed as much as 16 hours of her day, and Morganflash watched her children while she was at work. The issues raised in this appeal do not necessitate a detailed description of the criminal conduct for which Morganflash was convicted. It suffices to note that Morganflash engaged the two victims in sexual conduct proscribed by Wyoming's criminal code.

[¶ 4] The nature of the misconduct came to light because NR was not performing well at school and because of her poor performance, as well as some behavior problems, she was being evaluated to determine what the cause or causes might be. In addition, an inquiry was made when a school employee observed Morganflash giving NR an open-mouthed "lingering" kiss when he dropped her off for school. This process was ongoing during the first five months of 2001. In May 2001, NR revealed that both she and her little brother were the objects of sexual abuse by Morganflash. NR testified at trial and repeated essentially the same information as that she had revealed to a Department of Family Services investigator and to a psychologist who was treating NR and TR during this time period.

[¶ 5] The district court conducted a hearing to determine whether the two victims were competent to testify. It found that NR was competent to testify, but that TR was not. In addition, Morganflash requested that the district court conduct a "taint" hearing to determine whether the questioning of NR had been so suggestive and leading as to undermine the accuracy of NR's memory of the crucial events. The district court denied Morganflash's motion for a taint hearing on the basis that he did not meet the threshold requirement of presenting "some evidence" of taint.

### Competence of NR and Need for Separate "Taint" Hearing

[¶ 6] Morganflash contends that NR was not competent to appear as a witness and that the district court erred in finding her to be competent. Because this issue continues to appear with regularity, especially in appeals regarding child molestation cases, we repeat at length our seminal decision collecting and analyzing our jurisprudence with respect to competency hearings and the associated "taint" issue:

The Wyoming Rules of Evidence provide that "[e]very person is competent to be a witness except as otherwise provided in these rules." W.R.E. 601. "A person is generally competent to testify if he can understand, receive, remember and narrate impressions and is sensible to the obligations of the oath taken before testifying." *Simmers [v. State]*, 943 P.2d [1189] at 1199 [(Wyo.1997)]; *Larsen v. State*, 686 P.2d 583, 585 (Wyo.1984). "Intelligence, not age, is the guiding criteria

in determining the competency of a witness." *Baum v. State,* 745 P.2d 877, 879 (Wyo.1987). It is a well-established principle of law that competency of witnesses to testify is a question within the sound discretion of the trial court. *Selby v. Savard,* 134 Ariz. 222, 655 P.2d 342, 347 (1982); *People v. Estorga,* 200 Colo. 78, 612 P.2d 520, 524 (1980); *State v. Joblin,* 107 Idaho 351, 689 P.2d 767, 771 (1984); *State v. Howard,* 247 Mont. 370, 806 P.2d 1038, 1039 (1991). However, when children are called into the courtroom to testify, we have held that once the child's competency is called into question by either party, **it is the duty of the court** to make an independent examination of the child to determine competency, and that determination will not be disturbed unless shown to be clearly erroneous. *Burt v. Burt,* 48 Wyo. 19, 41 P.2d 524, 525 (1935) (*quoting* 5 Jones Commentaries on Evidence 3958, 3959, § 2107 (2d Ed.)). *See also Punches v. State,* 944 P.2d 1131, 1136 (Wyo.1997); *Trujillo v. State,* 880 P.2d 575, 579 (Wyo. 1994); *Baum,* 745 P.2d at 879; and *Larsen,* 686 P.2d at 585.

We have directed the district courts to utilize a five-part test for determining the competency of child witnesses:

"(1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it."

*Larsen,* 686 P.2d at 585 (*quoting State v. Allen,* 70 Wash.2d 690, 424 P.2d 1021 (1967)).

The New Jersey Supreme Court, prompted by its recognition that children can be susceptible to suggestive interview techniques and that such techniques can undermine the reliability of a child's account of actual events, adopted a procedure termed a "taint hearing."

[*State v.*] *Michaels,* [136 N.J. 299] 642 A.2d [1372] at 1382–84 [(1994)].

The [New Jersey] Supreme Court held that a pretrial "taint" hearing was the appropriate method of determining whether the investigatory interrogations and interviews "were so suggestive that they give rise to a substantial likelihood of irreparably mistaken or false recollection of material facts bearing on defendant's guilt." * * * The Court held that the initial burden of triggering the taint hearing is on the defendant, who must make a showing of "some evidence" that the victim's statements were the result of suggestive interview techniques. * * *

The factors that should be considered in assessing the reliability of a complaint regarding sexual offenses are:

"(1) the age of the victim; (2) circumstances of the questioning; (3) the victim's relationship with the interrogator; and (4) the type of questions asked." * * * Undue suggestiveness can occur when an interviewer has a preconceived notion of what has happened to a child, the interviewer uses leading questions, the interviewer is a trusted authority figure, the person accused of wrongdoing is vilified during the interview, or the interviewer uses threats or rewards to pressure the child.

*State v. Scherzer,* 301 N.J.Super. 363, 694 A.2d 196, 245–46, *cert. denied,* 151 N.J. 466, 700 A.2d 878 (1997) (*summarizing and quoting Michaels,* 642 A.2d at 1377–1383).

While we agree with the reasoning of the New Jersey Supreme Court, we conclude that there is no void in Wyoming law which a "taint hearing" procedure would fill. The Washington State Supreme Court considered the issue in *Matter of Dependency of A.E.P.,* 135 Wash.2d 208, 956 P.2d 297 (1998), and found that the competency inquiry included the question of pretrial taint. That court also utilizes the five-part test to determine the competency of child witnesses:

"The true test of the competency of a young child as a witness consists of the

following: (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it."

*Id.* at 304 (*quoting Allen,* 70 Wash.2d 690, 424 P.2d 1021). Recognizing the overlap in competency and taint considerations, the Washington State Supreme Court said:

We decline to adopt a pretrial taint hearing as a requirement for the reason that the existing state of the law adequately addresses Petitioner's concerns. As to the reliability of a child's testimony, a defendant can argue memory taint at the time of the child's competency hearing. If a defendant can establish a child's memory of events has been corrupted by improper interviews, it is possible the third *Allen* factor, "a memory sufficient to retain an independent recollection of the occurrence[,]" may not be satisfied.

*Matter of Dependency of A.E.P.,* 956 P.2d at 307 (*quoting Allen,* 70 Wash.2d 690, 424 P.2d 1021). We similarly decline to adopt a separate pretrial "taint hearing" procedure as the concerns addressed by such a procedure can be adequately addressed during the competency hearing which we have required since 1935. We do, however, endorse the use of the factors set out in the *Michaels* decision as they relate to the question of independent recollection.

*English v. State,* 982 P.2d 139, 145–46 (Wyo. 1999) (alterations in original); *and see Alicea v. State,* 13 P.3d 693, 697 (Wyo.2000); *Billingsley v. State,* 2003 WY 61, ¶¶ 10–13, 69 P.3d 390, ¶¶ 10–13 (Wyo.2003); *Wilde v. State,* 2003 WY 93, ¶ 7, 74 P.3d 699, ¶ 7; and *Seward v. State,* 2003 WY 116, ¶ 30, 76 P.3d 805, ¶ 30 (Wyo.2003).

[¶ 7] Morganflash asserts that a careful examination of NR's testimony, both at the competency hearing and at trial, dem-

onstrates that she was not competent to testify as a witness. We do not agree. Our searching examination of her testimony, which we do not feel the need to set out in detail here, obliges this Court to conclude that the district court's resolution of the factual elements of the standard of review set out above was not clearly erroneous and was within the sound discretion of the trial court. While NR's responses may have been at or near the margins of competency for a child of her age, she was able to adequately meet the minimum criteria set out in the standard of review quoted above. The cases cited above demonstrate the need for more patient, focused, and thorough questioning of child witnesses, using terminology more readily understandable to children of tender years. A useful guide is found at Manuel E. Nestle, *Qualifying Child Witness to Testify,* 35 Am. Jur. POF2d 665–689 (1983 and Supp.2001 at 147–77); *also see* Michael D. Pursell, *Defense to Charges of Sex Offense,* 24 Am.Jur. POF2d 515, §§ 27–31 (1980 and Supp.2001 at 122–28).

[¶ 8] Morganflash also challenges the trial court's decision to deny his motion for a separate "taint" hearing. As set out more fully above, such a "taint" hearing is required only if a defendant comes forward with "some evidence" that taint is present. Morganflash accepts that he did not come forward with information sufficient to meet the "some evidence" standard, but asserts that he was unable to do so because none of the sessions wherein NR was questioned or counseled were tape recorded or audio/video recorded. The transcripts reveal that the sessions in which NR made her revelations were not recorded for good reasons, and in one instance the recording device failed to work properly. Moreover, cogent argument or pertinent authority to the effect that failure to record such sessions is error, or is other than a defensible policy, does not support these contentions. A comprehensive review of the transcripts "after the fact," discloses that those who interviewed NR did not taint her recollection of the crucial events, and that Morganflash's contentions were, indeed, speculation. The district court did not

abuse its discretion in denying the separate "taint" hearing.

## Motion for New Trial

[¶ 9] Morganflash contends that the "interests of justice" mandated that the district court grant his motion for new trial. W.R.Cr.P. 33 (emphasis added) provides:

(a) *In general.*—The court on motion of a defendant may grant a new trial to that defendant if required **in the interest of justice.** If trial was by the court without a jury, the court, on motion of a defendant for a new trial, may vacate the judgment if entered, take additional testimony, and direct the entry of a new judgment.

(b) *Any grounds except newly discovered evidence.*—A motion for a new trial based on any grounds, except newly discovered evidence, shall be made within 15 days after verdict or finding of guilty or within such further time as the court may fix during the 15 day period; but the time for filing the motion may not be extended to a day more than 30 days from the date the verdict or finding of guilty is returned. The motion shall be determined and a dispositive order entered within 15 days after the motion is filed and if not so entered shall be deemed denied, unless within that period the determination shall be continued by order of the court, but no continuance shall extend the time to a day more than 60 days from the date the verdict or finding of guilty is returned.

(c) *Newly discovered evidence.*—A motion for a new trial based on the grounds of newly discovered evidence may be made only before or within two years after final judgment but if an appeal is pending, the court may grant the motion only on remand of the case. A motion for new trial based on the ground of newly discovered evidence shall be heard and determined and a dispositive order entered within 30 days after the motion is filed unless, within that time, the determination is continued by order of the court, but no continuance shall extend the time to a day more than 60 days from the date that the original motion was filed. When disposition of a motion for new trial based on newly dis-

covered evidence is made without hearing, the order shall include a statement of the reason for determination without hearing.

[¶ 10] The basis for the new trial motion was, in large part, an iteration of the contention that NR was not competent to testify and we will not repeat those assertions here, as they are well summarized above.

[¶ 11] A trial court has discretion in determining whether to grant a motion for new trial. In determining whether the trial court abused its discretion, we must decide whether the court could have reasonably concluded as it did. *Baumgartner v. State,* 7 P.3d 912, 915 (Wyo.2000) (internal citations omitted). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Anderson v. State,* 2002 WY 46, ¶ 25, 43 P.3d 108, ¶ 25 (Wyo.2002) (citing *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998)); *also see State v. Vinson,* 183 Wis.2d 297, 515 N.W.2d 314, 320–21 (App.1994).

[¶ 12] Having concluded that the district court did not err in determining that NR was competent to appear as a witness, it follows that we must conclude that the denial of the motion for new trial on that same basis was not an abuse of discretion.

## CONCLUSION

[¶ 13] The district court did not err in determining that NR was competent to serve as a witness, nor did it err in denying a motion for new trial on that same ground. The district court did not err in refusing to conduct a separate "taint" hearing. For these reasons the judgment and sentence of the district court is affirmed.