UNITED STATES of America, Appellee,

v.

Teresa PRESCOTT, Appellant.

No. 93–4012.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 31, 1994.

Decided Dec. 8, 1994.

Michael Harmon, Hot Springs, AR, argued (Benny M. Tucker, Arkadelphia, AR, on the brief), for appellant.

William Cromwell, Asst. U.S. Atty., argued (Steven N. Snyder, Asst. U.S. Atty., on the brief), for appellee.

Before LOKEN, Circuit Judge,
FRIEDMAN * and JOHN R. GIBSON,
Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

 Teresa Prescott appeals from her conviction of money laundering in violation of 18 U.S.C. § 1956 (1988 and Supp.V. 1993), arguing that the indictment in Count 8 charged a course of conduct rather than a specific transaction of money laundering. Prescott contends that the indictment therefore did not describe an offense under the statute, and the district court [1] had no jurisdiction to try her. We conclude that while the count charging Prescott with money laundering is defective and duplicitous because it alleges multiple transactions rather than a single transaction, Prescott waived the defect because she did not raise it before trial. We affirm the conviction.

Teresa Prescott was charged and tried with her husband, Ronnie Prescott, and Larry Bosley. On appeal the same lawyer was appointed to represent Teresa Prescott, her husband, and Larry Bosley. The court on its own motion determined that separate counsel should be appointed for Teresa Prescott. We severed her case, and decided the cases of Ronnie Prescott and Larry Bosley separately. *United States v. Prescott*, 33 F.3d 922 (8th Cir.1994). Separate counsel was appointed, the case has now been briefed, and Teresa Prescott waives oral argument.

The indictment referred to Teresa Prescott in only one of the eight counts. Count 8 read as follows:

From on or about 1989, up to and including 1992, in the Western District of Arkansas, Hot Springs Division, Ronnie Edward Prescott and Teresa K. Prescott, aiding and abetting each other, did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit, the deposit of currency in a financial institution, which involved the proceeds of a specified unlawful activity, that was dealing in narcotic or other dangerous drugs, knowing that the transactions were designed in whole and in part to conceal the source and ownership of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 [sic].

Prescott did not challenge this indictment by pretrial motion. The case was tried. She was convicted on this one count, and ultimately sentenced to seventy months imprisonment, three years supervised release and a $5,000 fine.

Prescott's only argument is that the count of the indictment charging her with an offense refers to transactions in the plural, occurring in a time period from on or about 1989 up to and including 1992. She argues that individual acts of money laundering are prohibited under 18 U.S.C. § 1956(a)(1)(B)(i), not the course of conduct which those individual acts may constitute in the aggregate. *See United States v. Martin*, 933 F.2d 609, 611 (8th Cir.1991). She argues that Congress has not defined money laundering as a continuous course of conduct offense. *See United States v. Conley*, 826 F.Supp. 1536, 1540 (W.D.Pa.1993). The United States essentially concedes the argument, but counters that Count 8 of the indictment contained all of the elements required to prove a violation of section 1956(a)(1)(B)(i), the only problem being the use of the word "transactions", and the reference to a three-year

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable H. Franklin Waters, Chief Judge of the United States District Court for the Western District of Arkansas.

period of time rather than a single transaction on a single occasion. The government argues that Count 8 stated a federal offense and conferred subject matter jurisdiction, but concedes that the single count alleged multiple transactions for a violation of section 1956 and is therefore duplicitous. *See Gerberding v. United States,* 471 F.2d 55, 59 (8th Cir.1973).

█ Federal Rule Criminal Procedure 12(b)(2) requires that defenses and objections based on defects in the indictment must be raised before trial. We have held that the failure to object to duplicitous counts is a waiver of that defense. *See United States v. Untiedt,* 493 F.2d 1056, 1059 n. 3 (8th Cir.), *cert. denied,* 419 U.S. 862, 95 S.Ct. 115, 42 L.Ed.2d 98 (1974); *Hanf v. United States,* 235 F.2d 710, 715 (8th Cir.), *cert. denied,* 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 81 (1956). Other circuits agree. *United States v. Petitjean,* 883 F.2d 1341, 1344 (7th Cir.1989); *United States v. Lyons,* 703 F.2d 815, 821 (5th Cir.1983).

Because Prescott made no pretrial objection to the indictment, she waived her objection that Count 8 of the indictment is duplicitous.

We affirm the conviction.