UNITED STATES of America,
Plaintiff—Appellee,

v.

Dale Walter WARD, Defendant—
Appellant.

No. 02–10084.
D.C. No. CR–99–00064–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 24, 2002.

Before BRIGHT,* HAWKINS, and W.
FLETCHER, Circuit Judges.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Dale Walter Ward raises a number of issues on appeal from the fourteen counts of his methamphetamine conspiracy conviction. We reject each of his claims and affirm the conviction.

Ward's argument that the entire sentencing scheme of United States Code Title 21 is unconstitutional is foreclosed by our decision in *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc). *See United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002) (applying the rationale of *Buckland* to reject appellant's facial constitutional challenge to 21 U.S.C. § 960); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (holding that challenge to constitutionality of Section 952 is precluded based on *Buckland* decision).

Ward makes an Eighth Amendment claim relying on this court's decision in *Andrade v. Attorney Gen. of Cal.*, 270 F.3d 743 (9th Cir.2001) (concluding that defendant's life sentence for petty theft was grossly disproportionate to his crime and the Three Strikes law violated the Eighth Amendment). The *Andrade* case is currently under review by the United States Supreme Court. Even if the decision is affirmed, Ward's situation is distinguishable from that case. Unlike in *Andrade*, Ward's conduct has not decreased in seriousness, and he did not commit a "wobbler" offense, which can be punished as either a misdemeanor or a felony. *Id.* at 749 (prosecutors have discretion to charge petty theft with a prior as either a misdemeanor or a felony).

Ward waived his objection based on duplicitous counts by failing to raise it prior to trial. Ward contends that he raised it in a motion to dismiss, but the trial record reveals that the referenced motion does not mention duplicity. An objection that a count is duplicitous must be made prior to trial or it is waived. *Mitchell v. United States*, 434 F.2d 230, 231 (9th Cir.1970).

The district court did not err in rejecting Ward's objection to the indictment on grounds of multiplicity in a pretrial motion to dismiss. The court properly determined that each of the counts charged "have their own different elements and each count relied on its own set of predicate facts." Multiplicity exists only if a single offense is charged in several counts. *United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir.1993). Ward does not show that any single offense was charged in multiple counts.

Ward's argument that the co-conspirators' testimony is not enough to support his conviction because each witness gained advantage with the government through testifying is misplaced. Claims of insufficiency require review that takes the evidence in the light most favorable to the prosecution, *United States v. Bishop*, 959 F.2d 820, 829 (9th Cir.1992), and the uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face, *United States v. Lai*, 944 F.2d 1434, 1440 (9th Cir.1991).

Ward also challenges the admission of fingerprint evidence against him.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject Ward's destruction of evidence claim. As the district court determined,

Ward is "mistaken in [his] characterization that this is a destruction of evidence case." The court specifically found that law enforcement authorities did not act in bad faith; they

Ward argues that the government violated discovery obligations when prior to trial it provided him a lab report indicating that there were no latent fingerprints of value for examination purposes. However, the government did not complete a comparison of fingerprints seized from the clandestine methamphetamine laboratory until January 19, 2001. Immediately upon learning the results of this comparison, the government telephoned defense counsel. On January 22, 2001, the government faxed defense counsel a final copy of the results of the examination. Defense counsel did not object at trial and made no request for a continuance. Trial did not begin until January 30, 2001. To preserve the right to appellate review, counsel should have objected in the district court. *United States v. Kessi,* 868 F.2d 1097, 1102 (9th Cir. 1989). Counsel might also have pursued a continuance in order to conduct an independent examination of the evidence or arrange for a defense expert to testify. Without an objection or a motion for continuance, the district court had no basis to reject the fingerprint evidence.

Ward does not make a sufficient showing that there was any prosecutorial misconduct, let alone that it affected the jury's verdict. *See United States v. Cooper,* 173 F.3d 1192, 1203 (9th Cir.1999) (requiring a showing that it is more probable than not that prosecutorial misconduct materially affected the verdict).

■ Finally, Ward cannot show that the district court erred in its sentencing decisions. Ward does not demonstrate that the court erred as a matter of law in not departing downward, and he points to no factual errors. Additionally, contrary to Ward's contentions, the *Pedrioli* court affirmed that district courts retain discretion

followed proper protocol for processing operational clandestine methamphetamine labora-

under 18 U.S.C. § 3584(a) to sentence either concurrently or consecutively despite the guidelines. *United States v. Pedrioli,* 931 F.2d 31, 32 (9th Cir.1991).

AFFIRMED.

