2008 WY 47

**Clint Patrick SCHULER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–07–0207.**

Supreme Court of Wyoming.

April 22, 2008.

Representing Appellant: R. Michael Vang and E. Kurt Britzius of Brown & Hiser LLC, Laramie, Wyoming. Argument by Mr. Britzius.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Smith.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] Clint Patrick Schuler was charged with five counts of credit card fraud. A jury convicted him on one count and acquitted him on the other four counts. Mr. Schuler claims the State presented insufficient evidence to support the conviction. He also claims the district court improperly ordered him to pay restitution for one of the counts on which the jury acquitted him.

[¶2] We perceive the real issue in this case to be improper duplicitous charging. We are compelled to affirm the conviction, however, because Mr. Schuler waived the duplicity defects by failing to object as required by W.R.Cr.P. 12(b)(5). We reverse the district court's restitution order.

## ISSUES

[¶3] Mr. Schuler presents the following issues:

1. Can a court award restitution when the transaction the restitution is based on occurred on a date not within the time span encompassed by the count on which the Appellant was convicted[?]

2. Is there sufficient evidence to find a criminal defendant guilty of credit card fraud under a multi-transactional count when one of the transactions is improperly placed under that count and none of the remaining counts are sufficient in themselves to satisfy the essential elements of credit card fraud[?]

## FACTS

[¶ 4] In September of 2005, the State charged Mr. Schuler with five counts of unlawful use of a credit card in violation of Wyo. Stat. Ann. § 6–3–802(a) and (b)(iii) (LexisNexis 2007). The charges arose from Mr. Schuler's alleged use of credit cards belonging to Serge d'Elia, an individual with whom Mr. Schuler had business dealings involving home construction and a restaurant remodel in Casper, Wyoming. Typically, Mr. d'Elia provided the financing and Mr. Schuler facilitated the construction work. At times during the relationship, Mr. d'Elia gave Mr. Schuler permission to use his credit cards for purchases associated with the construction projects. The State filed the criminal charges when Mr. d'Elia alleged that Mr. Schuler had continued to use his credit cards without his authority after their business relationship ended.

[¶ 5] As described in the third amended information, each of the five counts related to transactions that allegedly occurred between specified dates in 2005. Count One alleged that on February 1, 2005, through February 28, 2005, Mr. Schuler unlawfully and with the intent to obtain property or personal services by fraud used a credit card or credit card number issued to another person without that person's consent. Count Two alleged the same unlawful acts beginning on March 1 and ending on March 31, 2005. Count Five alleged acts constituting credit card fraud from May 1 through May 31, 2005.

[¶ 6] Unlike the other months in which the State alleged that Mr. Schuler committed credit card fraud, the month of April 2005, was separated into two counts. Count Three alleged that Mr. Schuler committed credit card fraud from April 1 through April 12, 2005. Count Four alleged that he committed the offense from April 13 through April 30, 2005.

[¶ 7] A jury trial convened on the charges in February of 2006, but ended in a mistrial. A second jury trial was convened in June 2006. At the second trial, the State presented evidence intended to show that Mr. Schuler committed multiple acts of credit card fraud within each count alleged in the information. To support Count One, the State

attempted to show that Mr. Schuler used nine different credit cards to make nine separate payments to Schuler Custom Homes on February 25, 2005. In support of Count Two, the State attempted to show that Mr. Schuler used two different credit cards to make two separate payments to Thunder Publishing on March 18, 2005; two additional credit cards to make two more payments to Thunder Publishing on March 28, 2005; another credit card to make a fifth payment to Thunder Publishing on March 30, 2005; and still another credit card to make a payment to Diamond Vogel on March 31, 2005.

[¶ 8] The State's evidence supporting Count Three involved six charges on four different credit cards on April 1, 2005, for payment to five different payees and two more charges on two different credit cards on April 11, 2005, for payments to Thunder Publishing. To support Count Four, the State attempted to show that Mr. Schuler used a credit card to make a payment to Thunder Publishing on April 13, 2005, and another credit card to make a payment to iFloor on April 14, 2005. The State's evidence to support Count Five involved thirteen charges to the same credit card for payment to two different payees on six different dates in May of 2005.

[¶ 9] At the close of the evidence and after deliberating, the jury acquitted Mr. Schuler on Counts One, Two, Four and Five and convicted him on Count Three. The district court sentenced Mr. Schuler to serve two to four years in the Wyoming State Penitentiary, but suspended the prison sentence upon the condition that Mr. Schuler complete three years probation. The court also ordered Mr. Schuler to pay restitution of $13,266.67, the amount Mr. d'Elia's credit card was charged for the iFloor payment on April 14, 2005.

## DISCUSSION

### 1. Sufficiency of the Evidence

[¶ 10] Mr. Schuler claims that the State presented insufficient evidence to support his conviction on Count Three, in which he was alleged to have used Mr. d'Elia's credit cards from April 1 to April 12, 2005. He points to

State's Exhibit 1, which showed nine charges from April 1 to April 12, 2005, the dates alleged in Count Three for which he was convicted, and two charges from April 13 to April 30, 2005, the dates alleged in Count Four for which he was acquitted. He claims, first, that the evidence was not sufficient for a jury to find that he used Mr. D'Elia's credit cards to charge payments from April 1 to 12, 2005, and, second, that the evidence showing that he used Mr. d'Elia's credit card to charge a payment on April 14, 2005, cannot support his conviction on Count Three because the credit card charge was made within the dates the State alleged for Count Four on which he was acquitted.

[¶ 11] In considering whether there was sufficient evidence to convict Mr. Schuler, we do not consider the evidence presented in his favor; we accept as true the State's evidence, with all logical and reasonable inferences to be drawn from it. *Ferguson v. State,* 2007 WY 157, ¶ 9, 168 P.3d 476, 479 (Wyo.2007). Viewing the evidence in this light, we determine whether it was sufficient for the jury to find Mr. Schuler guilty on Count Three beyond a reasonable doubt. *Id.* We do not substitute our judgment for that of the jury, but rather, determine whether a quorum of reasonable and rational jurors could have found Mr. Schuler guilty. *Id.*

[¶ 12] In support of Count Three, the State presented Exhibit 1, which showed that Mr. Schuler used credit cards belonging to Mr. d'Elia to place six charges on April 1, 2005 and two charges on April 11, 2005. The State also presented testimony from three witnesses to corroborate four of the credit card charges reflected on State's Exhibit 1, one involving a payment of $3,453.52 on April 1, 2005, to American Disposal, another involving a payment of $9,957.17 on April 1, 2005, to Statewide Electric and two involving payments totaling $15,000.00 to JTL Group on April 11, 2005. The State also presented evidence that a transaction involving iFloor may have occurred within the dates alleged in Count Three. Although Exhibit 1 showed the transaction as taking place on April 14, 2005, iFloor's customer service director testified that an order was placed for flooring with Mr. d'Elia's credit card and iFloor be-

gan processing the transaction on April 11, 2005. The State presented evidence to show that the iFloor payment was for $13,266.67.

[¶ 13] From this evidence, a quorum of reasonable and rational jurors could have found Mr. Schuler guilty of Count Three. That is, the jurors could have concluded that on April 1, 11 and/or 12, 2005, Mr. Schuler fraudulently used Mr. d'Elia's credit cards without his consent to purchase construction materials and services with a value greater than $1,000. We hold that sufficient evidence supported the jury's verdict. However, sufficiency of the evidence is not really the issue in this case.

[¶ 14] After reviewing the parties' briefs and the portions of the record designated for filing in this Court, we conclude that the real issue concerned the State's violation of the rule against charging duplicity. The rule has been described as follows:

Duplicity is the charging of separate offenses in a single count. This practice is unacceptable because it prevents the jury from deciding guilt or innocence on each offense separately and may make it difficult to determine whether the conviction rested on only one of the offenses or both. Duplicity can result in prejudice to the defendant in the shaping of evidentiary rulings, in producing a conviction on less than a unanimous verdict as to each separate offense, in determining the sentence, and in limiting review on appeal. Also, where the jury is not able to reach a verdict or renders a guilty verdict that is later overturned, the defendant may be subjected to a second trial that exposes him to double jeopardy insofar as it includes an offense on which the original jury would have acquitted if required to render separate verdicts.

5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure,* § 19.3(c), 285 (3d ed.2007). The violation of the rule that occurred in this case is not grounds for reversal because, as will be discussed later in our decision, Mr. Schuler waived the issue by failing to raise it prior to trial. However, we take this opportunity to

reiterate the principles relating to the rule against charging duplicity.

[¶ 15] This Court applied the rule against duplicitous charging in *McInturff v. State,* 808 P.2d 190 (Wyo.1991). There, the State charged Mr. McInturff with one count of receiving or concealing stolen property in violation of Wyo. Stat. Ann. 6–3–403(a)(i) (Cum.Supp.1987) based on conduct occurring over a number of days and involving property stolen from three different vehicles. We reversed the conviction on the ground that it impermissibly combined several separate and independent offenses into one count. We said:

> The key to analyzing this issue is identification of independent and complete transactions which violate 6–3–403(a)(i). Each distinct transaction should be separately charged and may not be combined with other independent offenses in the state's proof. The record before us reveals that McInturff was involved in several distinct transactions. There were at least two separate receipts, several concealments, and multiple disposals of stolen property.
>
> It may be acceptable to charge a defendant with a single count which employs the language of the statute and does not include any underlying facts, as was done in the amended information. However, this method then limits the state to proving only a single complete act in violation of the statute for each generally stated count, even though, as here, there may have been multiple offenses in separate acts of receipt, concealment and disposal. The state may elect which alternate definition [or act] it intends to prove after filing the information so long as its focus can be discerned from "the bill of particulars, opening statement, proofs and instructions to the jury." In this case it is not possible to identify the state's focus, as the bill of particulars and the evidence went to all three definitions.

*Id.* at 194.

[¶ 16] In the present case, the jury found Mr. Schuler guilty of the crime of credit card fraud as charged in Count Three of the information. The district court instructed the jury on Count Three as follows:

INSTRUCTION NO. 7

The elements of the crime of Credit Card Fraud, as charged in Count Three of this case, are:

1. On or about the 1st day of April, 2005, through on or about the 12th day of April, 2005
2. In Natrona County, Wyoming
3. The Defendant, Clint Patrick Schuler
4. With intent to obtain property or services by fraud
5. [Used] a credit card or the number or description of a credit card
6. Issued to another person
7. Without the consent of that person; and
8. The value of the property obtained was $1,000 or more.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

[¶ 17] In support of Count Three, the State presented Exhibit 1, which reflected: 1) six separate charges on four different credit cards on April 1, 2005, for payment to five different payees; and 2) two charges on two other credit cards on April 11, 2005, for payments to another payee. The State also presented testimony from three witnesses to corroborate four of the credit card charges reflected on State Exhibit 1, one involving a payment on April 1, 2005, to American Disposal, another involving a payment on April 1, 2005, to Statewide Electric and two involving payments to JTL Group on April 1, 2005.

[¶ 18] From this evidence, it is not clear what conduct formed the basis for the conviction on Count Three. The jurors may have unanimously agreed that Mr. Schuler committed four acts of credit card fraud on April 1, 2005, by using Mr. d'Elia's credit cards to charge payments to JTL Group, American

Disposal and Statewide Electric. It is equally possible that some of the jurors concluded Mr. Schuler illegally used credit cards to pay JTL Group while others concluded he used them to pay American Disposal or Statewide Electric. Still another possibility is that the jurors agreed that Mr. Schuler used Mr. d'Elia's credit cards for all of these transactions but they did not agree that he did so without consent.

[¶ 19] To further complicate the issue, the State presented the evidence involving the iFloor transaction. State's Exhibit 1 showed the "date of charge" for the iFloor payment as April 14, 2005, one of the dates encompassed in Count Four. Consistent with the exhibit, iFloor's customer service director testified that iFloor actually charged the credit card on April 14, 2005. However, the witness also testified that the order was placed and iFloor began processing the transaction on April 11, 2005. That the jurors were confused is reflected in a question they sent to the court during deliberations, asking "When is the State charging that the iFloor transaction took place, date?" Their confusion was not resolved when the district court answered the question, "the State is charging that [it] took place during the month of April, 2005."

[¶ 20] This confusion clearly illustrates the reason that duplicitous charging is prohibited. From the manner in which the State charged and presented evidence, it is not clear whether the iFloor transaction was the basis for the conviction on Count Three. However, the issue of duplicitous charging was never raised and, for that reason, we are compelled to affirm the conviction.

[¶ 21] W.R.Cr.P. 12 provides in pertinent part as follows:

**Rule 12. Pleadings and motions before trial; defenses and objections.**

* * *

(b) *Pretrial motions.*—Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. *The following must be raised prior to trial* :

* * *

(2) *Defenses and objections based on defects in the indictment or information* (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings);

(Emphasis added.)

[¶ 22] One reason for the rule is that a valid duplicity objection raised before trial will force the State to select the offense upon which it will proceed. LaFave, *supra,* 286. Where the objection is first raised after verdict, however, the general view is that the duplicity defect is waived. LaFave, *supra,* 287. In *United States v. Haber,* 251 F.3d 881, 889 (10th Cir.2001), for example, the court concluded the defendant had waived any error stemming from the duplicitous indictment by failing to object prior to trial.[1] Pursuant to Rule 12, any objection to the information was waived when it was not raised prior to trial.

### 2. Restitution Order

■ [¶ 23] Mr. Schuler also claims the district court imposed an illegal sentence when it ordered him to pay restitution in the amount of $13,266.67 for the iFloor transaction, which the State alleged took place on April 14, 2005, a date encompassed in Count Four on which he was acquitted. Whether a sentence is illegal is a question of law, which this Court reviews *de novo. Sarr v. State,* 2007 WY 140, ¶ 9, 166 P.3d 891, 894 (Wyo. 2007). An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law. *McDaniel v. State,* 2007 WY 125, ¶ 7, 163 P.3d 836, 838 (Wyo.2007). Whether a sentence is illegal is determined by referencing

---

1. The court noted that in some circumstances a defendant can raise a late challenge to a duplicitous indictment if cause is shown that might justify the granting of relief from the waiver. *United States v. Haber,* 251 F.3d 881, 889 (10th Cir.2001). The Court concluded, however, that no such cause was shown in *Haber.* Given that Mr. Schuler never raised the issue of duplicitous charging, it goes without saying that he has not shown cause for relief from the waiver.

the applicable statute or constitutional provisions, and is subject to statutory interpretation. *Id.*

[¶ 24] Wyo. Stat. Ann. § 7–9–102 (Lexis-Nexis 2007) provides:

> In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

Wyo. Stat. Ann. § 7–9–103 (LexisNexis 2007) provides in relevant part:

> (a) As part of the sentencing process ... in any misdemeanor or felony case, the prosecuting attorney shall present to the court any claim for restitution submitted by any victim.
>
> (b) In every case in which a claim for restitution is submitted, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity....

Wyo. Stat. Ann. § 7–9–101(a)(i) (LexisNexis 2007) defines "criminal activity" as:

> [A]ny crime for which there is a plea of guilty, nolo contendere or verdict of guilty upon which a judgment of conviction may be rendered and includes any other crime which is admitted by the defendant, whether or not prosecuted.

[¶ 25] In Mr. Schuler's case, it appears from the sentencing hearing transcript that Mr. d'Elia submitted several restitution claims. At sentencing, however, the State asked for restitution only for the iFloor transaction. Defense counsel argued then, as they do on appeal, that restitution for that transaction was not appropriate because Mr. Schuler was acquitted on Count Four, which encompassed the date that the State alleged the iFloor transaction took place. The State argued the evidence showed the iFloor order was placed and the credit card processed on April 11, 2005; therefore, the iFloor transaction occurred within the dates encompassed in Count Three on which Mr. Schuler was convicted.

[¶ 26] On appeal, Mr. Schuler cites *Van Riper v. State*, 999 P.2d 646 (Wyo.2000) in support of his argument. The State asserts *Layton v. State*, 2007 WY 1, 150 P.3d 173 (Wyo.2007) is more analogous to what occurred here. In *Van Riper*, the district court ordered the defendant to pay restitution for personal property allegedly taken from a vehicle. This Court held the district court was without authority to order restitution for the personal property because the defendant denied the charges and the count charging the defendant with taking the items had been dismissed. There being no guilty plea, verdict of guilt or admission of guilt, there was no criminal activity for which restitution could be ordered.

[¶ 27] In *Layton*, the defendant admitted to stealing a vehicle and a jury convicted him of felony larceny for the theft. The district court ordered the defendant to pay restitution for the value of the vehicle and the personal items inside. We upheld the order, concluding that the value of the personal items located in the vehicle was part of the damages resulting from the defendant's criminal activity.

[¶ 28] We conclude that neither *Van Riper* nor *Layton* is controlling because neither case involved duplicitous charging, making it impossible to know whether the restitution ordered was for damages resulting from a crime for which there was a guilty verdict. To reiterate that said in our discussion of duplicitous charging, there simply is no way of knowing whether the jury found Mr. Schuler guilty on Count Three based upon evidence that the iFloor transaction occurred on April 11 or acquitted him on Count Four because the State failed to prove the April 14 iFloor transaction constituted credit card fraud. If the jury acquitted him of credit card fraud for the iFloor transaction, there is no criminal activity for which restitution in the amount of the iFloor transaction could be ordered.

[¶ 29] One further issue merits discussion. The State asserts that the restitution order was proper because Mr. Schuler

admitted in the pre-sentence investigation report that he abused his authority to use Mr. d'Elia's credit card when he placed the order with iFloor. The State cites § 7-9-101(a)(i) which includes "any crime which is admitted by the defendant" within the definition of criminal activity for which restitution may be ordered. The pre-sentence investigation report is not part of the record. We have searched the sentencing hearing transcript and find no reference to Mr. Schuler's alleged admission concerning iFloor. It has long been the rule that this Court will not consider matters not contained in the appellate record and statements in briefs are not evidence which a reviewing court can consider. *Stephenson v. Pacific Power & Light Co.*, 779 P.2d 1169, 1180 (Wyo.1989).

[¶ 30] We affirm the conviction and reverse the restitution order. The case is remanded for entry of a new judgment and sentence omitting the order requiring Mr. Schuler to pay restitution in the amount of $13,266.67 for the iFloor charge.