2017 WY 148

**Desmond Otto TRIPLETT,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

S-16-0298

Supreme Court of Wyoming.

December 15, 2017

Representing Appellant: Office of the Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General; Philip Murphy Donoho, Assistant Attorney General. Argument by Mr. Donoho.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

KAUTZ, J.

[¶1] A Natrona County jury found Desmond Otto Triplett guilty of one count of immodest, immoral or indecent liberties with a minor and three counts of second-degree sexual abuse of a minor. He appeals two issues. First, he argues that the indecent liberties charge was duplicitous in that it alleged a single charge based on a course of conduct occurring during a twenty-eight month period. He contends that the State should have identified a specific single act and date as the basis for its charge. Mr. Triplett next argues that the State committed prosecutorial misconduct by violating a pretrial order requiring notice to the trial court before inquiring into a specific area of facts.

[¶2] We determine that Mr. Triplett waived any duplicity defects by failing to object as required by W.R.Cr.P. 12(b)(2). We further hold that the district court did not abuse its discretion in determining that a single question asked by the prosecution, while potentially in violation of the pretrial order, did not prejudice the defendant. Accordingly, we affirm.

## ISSUES

[¶3] Mr. Triplett presents the following issues:

1. Was Mr. Triplett denied his fundamental right to a fair trial and a unanimous verdict by the duplicitous charges?
2. Was Mr. Triplett denied his right to a fair trial due to prosecutorial misconduct?

The State identifies the same subject matters, but argues the issues to be decided within those areas are more specific. We restate the State's issues as:

1. Did Mr. Triplett waive any claim that the indecent liberties charge was duplicitous?
2. Did the prosecutor commit prosecutorial misconduct by asking a question on cross examination potentially in violation of a pretrial order?

## FACTS

[¶4] The State charged Mr. Triplett with one count of taking immodest, immoral or indecent liberties with a minor, TP, during a time span from March 1, 1975 through June 31 (sic),[1] 1977. The district court read that charge to Mr. Triplett, and then asked, "do

---

1. The information and jury instruction No. 17 which listed the elements of the crime of inde- cent liberties, as well as the parties' briefs, all used the date June 31, 1977.

you understand the charge against you in Count One as well as the potential penalties, sir?" Mr. Triplett responded, "Yes, Ma'am." The State also charged Mr. Triplett with other crimes, including three counts of second degree sexual abuse of a minor, KW. The charges related to KW alleged conduct occurring in 2010 through 2013.

[¶5] Mr. Triplett did not file an objection to any of the charges against him. He did not object to any jury instruction about the indecent liberties charge.

[¶6] Before trial, the State filed notice of its intent to introduce evidence against Mr. Triplett under W.R.E. 404(b). Some of that evidence showed Mr. Triplett had engaged in additional sexual activity with the alleged victims, with his daughter, JB, and with his niece's sister, MD. The district court determined that some of the proposed evidence relating to other alleged victims was admissible. However, it ruled that evidence regarding JB (Mr. Triplett's daughter) and MD (Mr. Triplett's niece's sister) was inadmissible because "the times were not clear, and the places where those things may have occurred were not clear." The district court stated "that sort of information (about JB and MD) is not to come forward in any way, shape or form. If, during trial, you believe that somehow someone's opened the door on that or you believe it has somehow become admissible, counsel need to approach the bench, and we'll take up that matter outside of the jury's hearing."

[¶7] At trial, the State presented evidence of many alleged sexual encounters between Mr. Triplett and TP which occurred between March 1, 1975 and the end of June 1977.[2] The State did not identify any single event as constituting the immodest, immoral or indecent liberties which were charged. Rather, in closing the prosecutor described the entire course of Mr. Triplett's relationship and sexual encounters with TP during the twenty-eight month period, and then simply told the jury "it's up to you to decide if it was immoral, indecent, immodest." The district court instructed the jury that the elements of the charge related to TP were only that during the twenty-eight month time frame Mr. Triplett "knowingly took immodest, immoral or

indecent liberties with TP." The jury was not given any further specificity on which act, or acts, allegedly constituted the crime. The defense was in step with this non-specific course of conduct approach to the crime. In closing, Mr. Triplett's attorney told the jury to consider the totality of the circumstances and "look at when these things were occurring and just decide, you know, is he guilty of—of indecent, immoral acts—you know, that's a two-way street."

[¶8] During the trial, Mr. Triplett called four character witnesses who testified that, in their opinion, Mr. Triplett had good character. Two of those witnesses were Mr. Triplett's daughters, and sisters of JB. The first of Mr. Triplett's daughters to testify, Ms. Wilson, provided the following testimony on direct examination by Mr. Triplett's counsel:

Q. And how do you know the defendant?

A. He's my father.

. . . .

Q. And do you have any children of your own?

A. I do.

Q. Okay. How many?

A. Five.

Q. Where is your dad currently residing?

A. In my house.

Q. With your five children?

A. Yes.

Q. Are you afraid to leave him alone with those children?

A. God, no. He watches them for me all the time.

Q. Okay. How long—when you were growing up, did you grow up with your dad?

A. Oh, yes.

Q. Your whole life?

A. Yep.

Q. Okay. And in those times, did you ever feel he was looking at you in any way that was inappropriate?

A. No.

Q. Did you ever feel that he talked to you inappropriately?

A. No.

2. During this time period, TP was ages 14, 15 and 16. Mr. Triplett was ages 24, 25 and 26.

Q. Talked about female things that were inappropriate?

A. No.

[¶9] On cross examination, the State's attorney then posed the following questions to Ms. Wilson:

Q. Ms. Wilson, you have a lot of siblings?

A. I do.

. . . .

Q. And some of your other siblings have made accusations that your dad did touch them inappropriately?

A. Yes.

[¶10] At this point Mr. Triplett's attorney asked to approach the bench. There, at side bar, he objected to the State's last question. He argued that the question violated the Court's order precluding information about JB's claims without first obtaining leave from the district court judge. The prosecutor agreed that the question related to JB's accusations, but asserted that the evidence was not offered under W.R.E. 404(b), but instead under W.R.E. 404(a). After the district court ruled that the State could not inquire any further, Mr. Triplett's attorney moved for a mistrial. The district court took that motion under advisement, and directed defense counsel to provide an appropriate limiting instruction. Ultimately, the district court denied the motion for a mistrial. The defense declined to request a limiting or curative instruction.

[¶11] The jury found Mr. Triplett guilty of the indecent liberties charge involving TP and of three counts of second degree sexual abuse of a minor, KW. It acquitted him on two other indecent liberties charges.

## DISCUSSION

### I. Duplicitous Charges/Waiver

[¶12] Mr. Triplett claims the indecent liberties charge involving TP was duplicitous because it alleged that the crime occurred over a period of twenty-eight months, without making any election as to what specific act constituted taking immodest, immoral or indecent liberties with a minor. The State asserts that Mr. Triplett waived this argument by failing to raise it in the district court, and urges this Court to decline to consider the matter. To appreciate Mr. Triplett's argument, and to avoid any similar

problems in the future, it is appropriate to review the principle prohibiting duplicity.

[¶13] "Duplicity is the charging of separate offenses in a single count." 5 Wayne R. LaFave, *Criminal Procedure* § 19.3(d), 336 (4th ed. 2017). "The prohibition against duplicity ... began as and remains a rule of pleading." *Cooksey v. State*, 359 Md. 1, 752 A.2d 606, 609 (2000). Duplicity "present[s] a danger that the jury may convict a defendant although not reaching a unanimous agreement on precisely which charge is the basis for the conviction" in violation of "[t]he Sixth Amendment guarantee ... to a unanimous jury verdict[.]" *United States v. Washington*, 653 F.3d 1251, 1262 (10th Cir. 2011) (quoting *United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010) and *United States v. Linn*, 31 F.3d 987, 991 (10th Cir. 1994)). "Duplicitous indictments are prohibited because they fail to give adequate notice of the charge to be defended, because they present the hazard of a non-unanimous jury verdict and because they make a precise pleading of prior jeopardy impossible in the event of a later prosecution." *State v. Ramsey*, 211 Ariz. 529, 124 P.3d 756, 759 (Ariz. Ct. App. 2005).

[¶14] Wyoming has long prohibited duplicity in charging, holding that "no man should be tried or convicted for several offenses when he is charged with but one." *McInturff v. State*, 808 P.2d 190, 193 (Wyo. 1991) (quoting *Edelhoff v. State*, 5 Wyo. 19, 33, 36 P. 627, 632 (1894)). Our precedent clearly prohibits charging multiple separate offenses in a single count. *Schuler v. State*, 2008 WY 47, ¶ 15, 181 P.3d 929, 933 (Wyo. 2008). However, our precedent also clearly holds that if duplicitous charging is not raised before trial, the duplicity defect is waived. *Id.*, ¶ 22, 181 P.3d at 934.

[¶15] Some criminal statutes prohibit a course of conduct rather than specific acts. *See Ramsey, supra,* and *State v. Rabago,* 103 Hawai'i 236, 81 P.3d 1151 (2003). It may not be duplicitous to charge a course of conduct as a single crime under such a statute. Because we find that Mr. Triplett waived any claim of duplicity, it is unnecessary to analyze the indecent liberties statute under which he was convicted to determine whether it prohibits particular acts or a course of

conduct.[3] However, prosecutors and trial judges should be certain about the particular statute involved before taking the "course of conduct" approach.[4] "Duplicity usually occurs because of prosecutor error in assuming that a particular statute creates a single offense which may be committed by multiple means (properly chargeable in a single count), rather than in separate offenses." *LaFave, supra,* at 337. Although in appropriate circumstances a criminal charge may allege that the act occurred within a range of dates (*see, e.g., Stewart v. State,* 724 P.2d 439, 441 (Wyo. 1986)), the State must allege and prove the specific act charged within that time frame. Furthermore, a prosecutor might choose to charge a single count which alleges only the language of the statute involved and a date range, without including more detail from the underlying facts (as occurred in Mr. Triplett's case). However, this charging method "limits the state to proving only a single complete act in violation of the statute for each generally stated count, even though, as here, there may have been multiple offenses in separate acts" within that date range. *Schuler,* ¶ 15, 181 P.3d at 933 (quoting *McInturff,* 808 P.2d at 194).

[¶16] Mr. Triplett never objected to the indecent liberties charge as duplicitous before the district court. He had ample opportunity to do so at arraignment, at any time before trial, and during jury instruction conferences. He could have, but did not, request a bill of particulars designed to make general allegations more specific. *Booth v. State,* 517 P.2d 1034 (Wyo. 1974); *Brown v. State,* 581 P.2d 189 (Wyo. 1978). He could have, but did not, file an objection to the information as required under W.R.Cr.P 12(b)(2). There may have been good reasons for his counsel to not raise the issue. Perhaps the broad claims made by the State fit the defense theory, as indicated by defense counsel's closing which focused on the relationship between Mr. Triplett and TP as a whole. Perhaps Mr. Triplett and his counsel were happy to face only one charge of indecent liberties rather than many charges. Whatever the reason, Mr. Triplett did not claim the charge was duplicitous until he filed his brief in this Court. His failure to raise the issue below precludes him from raising that issue now.

[¶17] W.R.Cr.P. 12(b)(2) mandates that an objection based on a defect in the information be raised prior to trial:

### Rule 12. Pleadings and motions before trial; defenses and objections.

* * *

(b) *Pretrial motions.*—Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. *The following must be raised prior to trial:*

* * *

(2) *Defenses and objections based on defects in the indictment or information* (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)[.]

(Emphasis added).

[¶18] Mr. Triplett's claim that the indecent liberties charge involving TP is duplicitous is an objection based on a defect in the information filed against him. W.R.Cr.P. 12(b)(2) required that the matter be raised before trial. Mr. Triplett's failure to raise the issue at all results in a waiver of his claim. *Schuler,* ¶ 14, 181 P.3d at 933.

[¶19] There are obvious reasons behind the rule that a duplicity claim is waived if not raised before trial. "A valid duplicity objection raised before trial will force the government to elect the offense upon which it will proceed," correcting the problem. *LaFave, supra,* at 337. It would be "manifestly unfair for a defendant to sit silently by, take his chances with the jury, and then be al-

---

**3.** The general statutory prohibition of taking immoral, immodest or indecent liberties with a minor used to charge Mr. Triplett no longer exists in Wyoming. The general statute was replaced with specific provisions in Wyoming's sexual assault statutes in 2007.

**4.** *See Cooksey, supra,* for a comprehensive discussion of the contexts in which separate criminal acts may combine to create one separately punishable offense.

lowed to ambush the prosecution through a post-trial attack." *United States v. Walker*, 665 F.3d 212, 228 (1st Cir. 2011). Consequently, failure to challenge a duplicity defect before trial "results in an unreviewable waiver" of the duplicity argument. *Id.*

[¶20] Consistent with Wyoming's precedent in *Schuler*, the majority rule from other jurisdictions is that a duplicity argument based on the charging document, even one couched in constitutional terms, is waived if not preserved before the trial court. *United States v. Ibarra-Diaz*, 805 F.3d 908, 930 (10th Cir. 2015); *People v. Allen*, 24 N.Y.3d 441, 999 N.Y.S.2d 350, 24 N.E.3d 586, 591 (2014); *United States v. DeLeon*, 484 Fed.Appx. 920, 931 (5th Cir. 2012); *Walker*, 665 F.3d at 228; *United States v. Seher*, 562 F.3d 1344, 1359 (11th Cir. 2009); *United States v. Walker*, 254 Fed.Appx. 60, 61 (2d Cir. 2007); *United States v. Ward*, 57 Fed.Appx. 722, 723 (9th Cir. 2002); *United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir. 1994); *State v. Holcomb*, 156 Vt. 251, 590 A.2d 894 (1991); *Campbell v. State*, 508 So.2d 1186, 1191 (Ala. Cr. App. 1986).

[¶21] Mr. Triplett argues that Rule 12 only requires a pretrial objection to "technical errors" in the information, but not to duplicity that affects his right to a unanimous jury verdict. We disagree that such a distinction between technical duplicity and substantive duplicity exists. Any duplicity potentially affects the unanimity of the jury's verdict. That is always one of the reasons for the rule prohibiting duplicity. *Washington*, 653 F.3d at 1262. Our precedent and the majority rule are clear. Mr. Triplett waived his claim that the charge involving TP was defective based on duplicity. As in *Schuler*, we conclude that any duplicity that may have occurred "is not grounds for reversal because ... (Mr. Triplett) waived the issue by failing to raise it prior to trial." *Schuler*, ¶ 14, 181 P.3d at 932.

## II. Prosecutorial Misconduct/Pretrial Order

[¶22] Mr. Triplett claims the State committed prosecutorial misconduct by violating the district court's pretrial order which required leave of the court before advancing evidence indicating that Mr. Triplett had some sort of inappropriate sexual contact with one of his daughters, JB. His counsel objected at trial,

and moved for a mistrial based on the State's question to Ms. Wilson. The district court considered the objection and ruled that the State could not inquire further into this area, but then denied the motion for mistrial.

[¶23] When a trial objection is considered by the district court, we review its rulings on the admissibility of evidence for an abuse of discretion. "Evidentiary rulings are ... committed to the sound discretion of the district court and are not subject to appellate second guessing absent an abuse of discretion." *Griggs v. State*, 2016 WY 16, ¶ 81, 367 P.3d 1108, 1132 (Wyo. 2016) (quoting *Lopez v. State*, 2004 WY 103, ¶ 21, 98 P.3d 143, 149 (Wyo. 2004)). The "abuse of discretion" standard of review requires this Court to consider the reasonableness of the district court's ruling. *Ortiz v. State*, 2014 WY 60, ¶ 92, 326 P.3d 883, 901 (Wyo. 2014); *Schreibvogel v. State*, 2010 WY 45, ¶ 12, 228 P.3d 874, 880 (Wyo. 2010). "Determining whether the trial court abused its discretion involves the consideration of whether the court could reasonably conclude as it did, and whether it acted in an arbitrary and capricious manner." *Lancaster v. State*, 2002 WY 45, ¶ 11, 43 P.3d 80, 87 (Wyo. 2002) (citing *Trujillo v. State*, 2 P.3d 567, 571 (Wyo. 2000)).

[¶24] Similarly, "we review the denial of a motion for mistrial for an abuse of discretion." *Yellowbear v. State*, 2008 WY 4, ¶ 66, 174 P.3d 1270, 1295 (Wyo. 2008) (citing *Martin v. State*, 2007 WY 2, ¶ 11, 149 P.3d 707, 710 (Wyo. 2007)); *Thomas v. State*, 2006 WY 34, ¶ 10, 131 P.3d 348, 352 (Wyo. 2006); *Gunnett v. State*, 2005 WY 8, ¶ 15, 104 P.3d 775, 779 (Wyo. 2005). "The abuse of discretion standard applies even when the defendant bases his motion for a mistrial upon a prosecutorial misconduct claim." *Yellowbear*, ¶ 66, 174 P.3d at 1295; *Capshaw v. State*, 958 P.2d 387, 390 (Wyo. 1998) (citing *Rubio v. State*, 939 P.2d 238, 241 (Wyo. 1997)).

[¶25] Mr. Triplett claims the prosecutor should have obtained permission from the district court before asking Ms. Wilson if any of her siblings had accused Mr. Triplett of misconduct. The State initially disagreed, asserting that this question, in context, did not require advance authorization under the

district court's 404(b) order. The district court's decision to deny the motion for a mistrial did not turn on this issue. Rather, the district court determined that the question was proper and would have been permitted if the prosecutor had first approached the bench. In denying the motion for a mistrial, the district court stated

I do think, arguably, the question falls under Rule 404(a) because, clearly, mister—or the defense was calling character witnesses to testify for Mr. Triplett. And the rule is clear; that after the defendant puts his character in issue, specific instances of conduct can be inquired into on cross-examination.

So, it may very well be that, had those questions proceeded, they would have fallen under 405 and a permissible purpose for questioning that person as to the basis of her opinion.

So, with all of that, I'm going to deny the motion for the mistrial, because it was an isolated question and, arguably, could be allowed under 405.

I will not choose to sanction the State for violating the Court's prior order that counsel approach prior to inquiring into those areas. I'm certainly not at all pleased with it and it's disappointing, quite frankly. I have made no secret of my preferences in that regard and everybody in this room, Counsel, know that I've granted a mistrial before based on a failure to comply with my prior orders.

But this case is somewhat different, in that I do think it could have been a permissible question, had additional clarification been provided by the Court. [T., Vol V. p1228].

[¶26] The purpose of the district court's order requiring advance notice of evidence about JB was to ensure that such evidence was admissible before it was presented to the jury. We agree with the district court's analysis that in context, the evidence was admissible and the State's question to Ms. Wilson was proper under W.R.E. 404(a) and 405. Consequently, the district court properly exercised its discretion in denying the motion for mistrial.

■■■ [¶27] Rule 404(a) of the Wyoming Rules of Evidence permits the prosecution to explore, "both on cross-examination and on rebuttal[,]" a defendant's character if he introduces evidence on the matter. *Trujillo v. State*, 880 P.2d 575, 580 (Wyo. 1994). Rule 405 provides that "in all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. **On cross-examination, inquiry is allowable into relevant specific instances of conduct.**" (Emphasis added). We have recognized that these rules permit cross examination on specific instances of inappropriate conduct to rebut character witness testimony that the witness would trust the defendant with her children, just as occurred here. *McDowell v. State*, 2014 WY 21, ¶¶ 11-12, 318 P.3d 352, 355-356 (Wyo. 2014).

[¶28] The district court reasonably concluded that the State's question to Ms. Wilson could not justify a mistrial because the question was a proper inquiry presented to a character witness who had testified about Mr. Triplett's good character.[5] Mr. Triplett does not contend otherwise, but only objects that the prosecutor should have obtained permission from the district court first. Even if the State's question did violate the district court's requirement of prior permission, the purpose of that requirement was fully realized. The evidence was admissible. We find no error in the district court's denial of the motion for mistrial.

[¶29] Affirmed.

---

5. It is troubling that the State's brief lists character testimony presented by Ms. Wilson and three other witnesses, and claims the State's question to Ms. Wilson was "in response to such testimony." Ms. Wilson was the first character witness to testify. None of the others had testified when the State asked Ms. Wilson about claims raised by her siblings. The State's question was appropriate only because Ms. Wilson had expressed her opinion on Mr. Triplett's character.